CAMP EMOH ASSOCIATES *vs.* INHABITANTS OF LYMAN.

York.     Opinion May 4, 1933.

*Willard & Willard*, for plaintiff.
*Waterhouse, Titcomb & Siddall*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

DUNN, J. · The plaintiff corporation was organized July 25, 1929, under Chapter 62 of the Revised Statutes, 1916 (Chap. 70, 1930). It has no capital stock, and no provision for making dividends and profits. In 1930 it owned real estate in the town of Lyman. It appears to have had no other property.

In assessing the general property for the support of government, the Lyman assessors laid a tax against defendant's realty, that it might bear a proportionate share of the common burden. The tax was computed on a valuation of $13,500.00. The assessment itself was $607.50. The property was sold for delinquency, by the collector of taxes. After sale, and within the redemption period, plaintiff paid the tax, with interest and accrued charges, under protest that the property was exempt, and the whole tax unauthorized and illegal.

This action of assumpsit was begun to recover back the amount so paid. The action is grounded on a statute which provides tax exemption for "the real and personal property of all benevolent and charitable institutions, incorporated by the (this) state." R. S., Chap. 13, Sec. 6, Par. III. What a "benevolent" institution is, if it differs from one that is merely "charitable," may be difficult to say. *Maine Baptist Missionary Convention* v. *Portland*, 65 Me., 92.

The case was heard before the Superior Court. There was no dispute with respect to the facts. Whether or not, within the meaning of the statute, the plaintiff was using the taxed estate for purposes entitling exemption, was the point in controversy. Judgment was for the plaintiff. The defendant excepted.

Property is not exempt from taxation merely because it is owned by a benevolent and charitable institution. Freedom from assessment extends only to property which the institution occupies or uses for its own purposes. R. S., *supra*; *Ferry Beach Park Ass'n* v. *City of Saco*, 127 Me., 136, 142 A., 65.

On March 18, 1930, by its deed of that date, of which the Lyman assessors had actual notice, the Ladies Helping Hand Auxiliary to the Home for Jewish Children (a Massachusetts corporation which had owned the real estate and been taxed therefor in 1929), conveyed the property to the plaintiff. The same persons apparently comprised the boards of directors· of the grantor and grantee cor-

porations. Evidence warrants inference, as the judge in the lower court notes, that a motive of incorporation in Maine was to obtain immunity from taxation.

The main purpose and design of the plaintiff, as set forth in its certificate of organization, is that of acquiring and holding real and personal property for the erection and support of a camp, or camps, to be conducted without profit, for the care, maintenance, and assistance of poor and indigent Jewish children, on such terms and subject to such limitations as the board of directors may determine. The certificate defines no territorial restriction.

That the members of the plaintiff corporation are not permanently resident in Maine, and that of the officers only the clerk resides in the State, are not matters of consequence. The individual members, as natural persons, are merged in the corporate identity, the domicile of which is Lyman. It meets requirements, even in the case of a business corporation, that the clerk be resident within the jurisdiction. R. S., Chap. 56, Sec. 32.

The corporation has on its land a group of camps. During July and August, 1930, upwards of two hundred and fifty children were at the camp, by assignment or invitation, all but one of the children having come from outside this State.

The assignment of children was chiefly, perhaps entirely, by an affiliate organization in Boston, from the Jewish public. Parents or friends of the children might, and some did, make contributions in their behalf; but principally, care and training, and shelter and food, and all things else, were furnished and supplied by the plaintiff, freely, and without the expectation of reward. Money to defray expenses was derived for the most part from donations; other moneys came from entertainments or fairs.

At the end of the season, the camp was closed, not to be opened again until the next year. The property, it is true, was not in actual use on the day of the assessment, i.e., the first day of April, 1930. To hold that to secure exemption, it must have then been in actual use, would ignore the spirit and intendment of the law. Actual use on that particular day is not the test.

The evidence clearly shows that the plaintiff is a "benevolent and charitable institution incorporated by the state." It is entirely immaterial what influenced the organization of the corporation.

And, certainly, that it was organized in Maine, because its incorporators were suited with our laws, or wished to receive the benefit of them, should not be used against it to debar it of its rights under those laws. It may be that our legislation as to exemption is too broad, but that constitutes no reason why it should not be enforced with an equal hand. The wisdom of the statute is for the Legislature, not the Court, to consider. Legislative enunciation exempts certain corporations created and existing with the consent of the State of Maine, from taxation, the exemption being restricted to property which such corporate bodies own and use for their own purposes.

Immunity from assessment depends, not upon simple ownership and possession of property, nor necessarily upon the extent, or length, of the actual occupancy thereof, although this is entitled to consideration, but upon exclusive occupation of such a nature as, within the meaning of the statute, contributes immediately to the promotion of benevolence and charity, and the advancement thereof.

The statute enacts that a corporation such as this shall be considered benevolent and charitable, without regard to the sources from which it gets its property or funds, or limitations in the classes of persons for whose benefit the property and funds are applied. R. S., *supra*.

The burden was on the plaintiff to establish its right to exemption. *Bangor* v. *Masonic Lodge*, 73 Me., 428. There was sufficient evidence of the actual appropriation of its property, for the purposes for which the plaintiff corporation was incorporated. The real estate should not have been assessed. No reversible error was committed by the lower court. The exception, therefore, is overruled.

*Exception overruled.*