## OLSON EQUIPMENT COMPANY v. CITY OF MINNEAPOLIS AND OTHERS.

171 N. W. (2d) 717.

October 31, 1969—No. 41712.

*Albert A. Woodward* and *Maun, Hazel, Green, Hayes, Simon & Aretz,* for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *C. H. Luther,* Deputy Attorney General, for respondent state.

*George M. Scott,* County Attorney, and *David E. Mikkelson,* Assistant County Attorney, for respondent county and its treasurer and auditor.

*Dorsey, Marquart, Windhorst, West & Halladay* and *Phillip H. Martin,* for Ziegler, Inc., amicus curiae.

PETERSON, JUSTICE.

The issue in this case is whether leased construction equipment is "inventory" of the owner-lessor within the meaning of a Minnesota personal property tax exemption. Minn. St. 272.02(11)(a).

Olson Equipment Company, the appellant taxpayer, is a manufacturer's representative and distributor of heavy construction equipment, engaged in both the selling and leasing of new and used equipment. Leased equipment often is sold to the lessee pursuant to a contemporaneous oral agreement that if the lessee subsequently elects to buy the equipment a credit will be made on the purchase price equal to 100 percent of the rentals paid. Pieces for sale and pieces for rent are not segregated, and the taxpayer has consistently treated all such equipment as inventory for its own accounting purposes.

Olson filed its personal property tax return with the Minneapolis city assessor in the spring of 1967. Among other entries in the return, it listed as inventory all its equipment, whether on hand or in the possession of lessees. After passage of the Tax Reform and Relief Act of 1967, Ex. Sess. L. 1967, c. 32, Olson timely elected to exempt the equipment from taxation pursuant to Minn. St. 272.02(11), which provides in part:

"The taxpayer shall elect whether to be exempted with respect to category (a) or (b) as hereinafter defined.

"(a) All inventories, stocks of merchandise of all sorts, manufacturers material, manufactured articles including the inventories of manufacturers, wholesalers, retailers and contractors * * *."

The city assessor, however, disallowed the exemption as to so much of the equipment as was out on lease on the assessment date, May 1, 1967.

Olson initiated a declaratory judgment action in Hennepin County District Court, challenging the assessment of its personal property by the city assessor. The district court concluded that rental equipment in the hands of lessees on the assessment date was not exempt inventory and adjudged the assessment lawful and correct. Olson appeals from the judgment. We affirm.

The word "inventory," unclarified by references to or dependence upon other tax provisions, has meanings which vary

with its use. It can mean the process of cataloging stock, the value of stock, a list of things on hand, or the things themselves. Used to refer to the objects themselves, it does not naturally embrace certain objects and eliminate others. The foremost concept in the word as it is used in the Tax Reform and Relief Act, in our view, is an availability for sale in the ordinary course of business. The definitions in the authorities cited by both appellant and respondents likewise seem to establish this as a common denominator.

Olson contends that its leased equipment fulfills the test of being available for sale because it is at all times willing to sell a leased item, either to the lessee or to others. Its power to sell the leased equipment to others is limited, however, by the fact that the lessee is entitled to retain the equipment as long as he pays the rent or otherwise meets the terms of the lease. To include equipment which is not salable to the general public in the category of exemptible inventory would, we think, obfuscate the most reasonable meaning of the term.

Affirmed.

MR. JUSTICE ROGOSHESKE took no part in the consideration or decision of this case.