FRANK D. UPCHURCH, Jr., Judge.
By this appeal, Adams Construction Equipment Company questions the assessment of ad valorem taxes on certain items of heavy equipment for the year 1982. Adams contends that the equipment was “inventory” as defined in section 192.-001(1 l)(c), Florida Statutes (1983), and, as such, was exempt from taxation as tangible personal property pursuant to section 196.-185, Florida Statutes (1983).
Adams is engaged in the sale and lease of heavy duty construction equipment throughout the state. Involved in the litigation below were four pieces of equipment. Their value for tax purposes was not disputed. The four items had been purchased by Adams between 1977 and 1979. Each had been leased to a contractor pursuant to a lease/purchase agreement. One of the items had been leased out six or seven times since acquisition. All were back in Adams’ possession as of January 1, 1982.
According to the property appraiser’s records, Adams listed the equipment on its personal property tax returns for the years 1980 and 1981 as part of its “Rental Fleet.” The 1982 return did not list the property.
Article VII, section 4, Florida Constitution, provides in relevant part as follows:
TAXATION: ASSESSMENTS — By general law regulations shall be prescribed which shall secure a just valuation of all property for ad valorem taxation, provided:
* * * * He *
(b) Pursuant to general law tangible personal property held for sale as stock in trade ... may be valued for *468 taxation at a specified percentage of its value, may be classified for tax purposes, or may be exempted from taxation.
Section 196.185, Florida Statutes, effective January 1, 1982, provides that “inventory” is exempt from ad valorem taxation. Section 192.001(ll)(c), Florida Statutes (Supp.1982) defines “inventory” as follows:
(c) “Inventory” means only those chattels consisting of items commonly referred to as goods, wares, and merchandise (as well as inventory) which are held for sale or lease to customers in the ordinary course of business. Supplies and raw materials shall be considered to be inventory only to the extent that they are acquired for sale or lease to customers in the ordinary course of business or will physically become a part of merchandise intended for sale or lease to customers in the ordinary course of business. Partially finished products which when completed will be held for sale or lease to customers in the ordinary course of business shall be deemed items of inventory. All livestock shall be considered inventory. Items of inventory held for lease to customers in the ordinary course of business, rather than for sale, shall be deemed inventory only prior to the initial lease of such items. For the purposes of this section, fuels used in the production of electricity shall be considered inventory, (emphasis added)
We begin with the general proposition that tax exemptions are to be strictly construed against the party claiming them. Volusia County v. Daytona Beach Racing & Recreation Facilities District, 341 So.2d 498 (Fla.1976). The subsection above includes as “inventory” only those goods “held for sale or lease to customers in the ordinary course of business.” The subsection further circumscribes when goods held for lease will be considered “inventory” by providing that “Items of inventory held for lease to customers in the ordinary course of business, rather than for sale, shall be deemed inventory only prior to the initial lease of such items.”
It is Adams’ position that the equipment here was leased pursuant to lease/purchase agreements which contemplated ultimate sale of the equipment to the lessee and that therefore it was property “held for sale or lease.”
No cases construing section 192.-001(ll)(c) have been cited. It seems clear that property is not “inventory” under the statute while it is actually out on a lease/purchase agreement, even though the agreement contemplates the possible sale of the property to the lessee, since such property is no longer being “held for sale or lease to customers in the ordinary course of business.” (emphasis added) See County of Hennepin v. Honeywell, Inc., 297 Minn. 112, 210 N.W.2d 38 (1973); Olson Equipment Co. v. City of Minneapolis, 285 Minn. 146, 171 N.W.2d 717 (1969). See also Xerox Corp. v. Ada County Assessor, 101 Idaho 138, 609 P.2d 1129 (1980).[1]
*469 The precise question here, however, is whether property which is returned to the lessor after being out on such an agreement is “inventory.”[2] Here, the lease/purchase agreements specifically provide that they are not to be construed as sales contracts or conditional sales, contracts, which is exactly what Adams asks be done.[3] In addition, Adams has in the past consistently referred to this equipment as part of its “Rental Fleet.” Accordingly, it is clear that the equipment here had been held for lease rather than sale. The language of the statute is clear: “Items of inventory held for lease ... rather than for sale, shall be deemed inventory only prior to the initial lease of such items.” Since the equipment was returned to Adams after being out on lease, the equipment was not “inventory” for the year 1982.
AFFIRMED.
DAUKSCH and SHARP, JJ., concur.

. In Olson Equipment, Olson was engaged in both the sale and leasing of heavy construction equipment. Leased equipment was often sold by Olson to the lessee pursuant to an oral agreement that if the lessee elects to buy, a credit will be made on the purchase price equal to one hundred percent of the rentals paid. Items available for sale and those available for rental were not segregated. Olson claimed that the equipment was "inventory" which was exempt from Minnesota’s personal property tax by statute. The assessor, however, disallowed the exemption as to the equipment that was out on lease.
The state supreme court held that the term "inventory”, which was not defined in the statute, denotes "an availability for sale in the ordinary course of business." The court rejected Olson’s claim that the leased equipment fulfills the test of being available for sale in that it was always willing to sell a leased item to the lessee or others. The court declared:
Its power to sell the leased equipment to others is limited, however, by the fact that the lessee is entitled to retain the equipment as long as he pays the rent or otherwise meets the terms of the lease. To include equipment which is not salable to the general public in the category of exemptible inventory would, *469 we think, obfuscate the most reasonable meaning of the term.
171 N.W.2d at 718.
Subsequently, in County of Hennepin, the court was confronted with a claim by Honeywell that electronic data processing equipment which it leased out constituted “inventory’ and was exempt from taxation. Honeywell argued that the equipment fell within the term “inventory" as used in the U.C.C. which defined goods as inventory "if they are held by a person who holds them for sale or lease...” The court rejected this stating:
Surely if the goods are sold they are no longer held for sale; and if they are leased under an agreement whereby possession is lost and the owner can no longer lease them to anyone else without the consent of the lessee, they are no longer held for lease, any more than they are held for sale after they are actually sold.
******
[T]he crucial word is "held” and, as we have said above, the goods are not held for sale or lease when the right to possession is lost, (emphasis in original)
210 N.W.2d at 40.

. The Idaho decision, Xerox v. Ada County, does include a holding that Xerox equipment, when not leased out to customers, is “business inventory" and the court relied, in part, on a Florida case, Aeronautical Communications Equipment, Inc. v. Metropolitan Dade County, 219 So.2d 101 (Fla. 3d DCA 1969) for its conclusion. In Aeronautical Communications, the Third District indicated that stock in trade or inventory consists of chattels used in a merchant’s trade or held for sale. However, that case was decided before enactment of section 192.001(1 l)(c) defining "inventory.” The Idaho statute defining inventory was similar to the Florida definition set out in Aeronautical Communications in that it included as inventory stock-in-trade "which is held for sale or consumption in the ordinary course of the taxpayers’ business.”

. The agreements include the following language:
This agreement is not to be construed as a sales contract, or a conditional sales contract. The intent of this agreement is that the lessor is hereby renting, and/or leasing said property only....