**ADVANCED MEDICAL RESEARCH FOUNDATION**

v.

**TOWN OF CUSHING.**

Supreme Judicial Court of Maine.

Argued Jan. 13, 1989.

Decided March 7, 1989.

Wayne R. Crandall (orally), Crandall, Hanscom, Pease, and Collins, P.A., Rockland, for plaintiff.

Lee K. Bragg (orally), Patrick Scully, Bernstein, Shur, Sawyer & Nelson, Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN and HORNBY, JJ.

McKUSICK, Chief Justice.

In this action, plaintiff Advanced Medical Research Foundation, a Massachusetts nonprofit corporation that promotes cancer research, seeks to establish its entitlement for the tax year 1986 to a property tax exemption for the coastal real estate it owns in the Town of Cushing. The Foundation bases its claim on 36 M.R.S.A. § 652(1)(B) (Supp.1988), which exempts "real estate and personal property owned and occupied or used solely for their own purposes by literary and scientific institutions." The assessors of the Town of Cushing denied the Foundation's petition for abatement of 1986 taxes and, on the Foundation's appeal pursuant to 36 M.R.S.A. § 844 (Supp.1988), the Knox County commissioners after hearing found that the "use or disuse of the property doesn't justify the exemption." On the Foundation's Rule 80B complaint the Superior Court (Knox County; *Silsby, J.*) affirmed the commissioners' decision, and on the present further appeal we do the same.

The parties do not dispute that the Foundation, as a nonprofit organization promoting cancer research, is a scientific institution within the meaning of section 652(1)(B). Nor do they dispute that the Foundation owns the two parcels of land here at issue, totaling some 356 acres, located on the Meduncook River in Cushing. One parcel was donated to the Foundation in 1981 and is entirely wooded and vacant. The other parcel, donated in December 1985 by the same donor, is a mostly wood-

ed 228–acre parcel on which are located a four-bedroom summer cottage, a large barn, and two small boathouses. The assessed valuation placed on the subject lots by the Cushing assessors as of April 1, 1986, exceeded $900,000.

■■■ Our affirmance of the Superior Court's decision is compelled by the well established law of property taxation when combined with the equally well established principles of appellate review. Taxation is the rule; exemption from taxation is the exception. *See Hurricane Island Outward Bound v. Town of Vinalhaven,* 372 A.2d 1043, 1046 (Me.1977). Before the county commissioners the taxpayer had the burden of proof on the tax exemption issue; it had the burden of "bring[ing its] case unmistakably within the spirit and intent of the act creating the exemption." *Id.* Specifically, to prevail in obtaining an exemption under section 652(1)(B), the taxpayer had to prove as a fact that on the relevant assessment date, April 1, 1986, its Cushing real estate was "occupied or used solely for [the Foundation's] own purposes" as a scientific institution. After hearing all the evidence presented by the taxpayer, the county commissioners found that the "use or disuse of the property doesn't justify the exemption." No subsidiary findings were made or requested. In the absence of subsidiary findings, any court reviewing the commissioners' denial of the requested exemption must assume that the commissioners resolved all factual issues in favor of the Town, and against the taxpayer. *See Libby v. Lorrain,* 430 A.2d 37, 38 (Me. 1981). Furthermore, the taxpayer, as the party with the burden of proof, can overturn the commissioners' factfindings, express and implied, only if the evidence before them compelled them to find the contrary. *See Luce Co. v. Hoefler,* 464 A.2d 213, 215 (Me.1983). Since the Superior Court did not hold an evidentiary hearing, but rather served only as an appellate tribunal, we on the Foundation's further appeal to us review the commissioners' decision directly. *See Driscoll v. Gheewalla,* 441 A.2d 1023, 1026 (Me.1982).

In sum, then, on appeal we must affirm the county commissioners' decision unless the record evidence compels the factual conclusion that the Foundation did in fact in 1986 use its 356 acres of coastal property in Cushing solely for its own purposes as a scientific institution. Because the evidence heard by the commissioners did not compel any such factual conclusion, an appellate court cannot say the commissioners committed any reversible error.

At the hearing before the county commissioners in August 1987, representatives of the Foundation admitted that in 1986 the only use the Foundation made of its Cushing real estate—and that use extended to only one small part of it—was for three board of directors meetings, each of only a few hours' duration. Those meetings took place at the cottage. No other use of the 356 acres was established. Indeed, the Foundation had been paying taxes on the smaller parcel of land since it was given to the Foundation in 1981. For 1986 the Foundation sought exemption for that land, despite no change whatever in its use, only after acquiring late in 1985 the neighboring 228–acre parcel. Although there was testimony about possible increased use of the property at some time in the future, no evidence compelled the county commissioners to find that the Foundation had any firm intention, as of the 1986 assessment date or even later in that year, to commit the property to a use for the institution's scientific purposes that would qualify it for the tax exemption. *Cf. Green Acre Baha'i Inst. v. Town of Eliot,* 150 Me. 350, 352–54, 110 A.2d 581, 583–84 (1954) (property qualified for exemption where record showed that, in summer, the organization used buildings for lectures and research, and used wooded areas for walks, prayer, meditation, outdoor meetings, and recreation); *Osteopathic Hosp. of Maine v. City of Portland,* 139 Me. 24, 33, 26 A.2d 641, 644 (1942) (property adjacent to existing hospital qualified for exemption where record showed that hospital had plans to use the property for future expansion, the extra land gave the hospital the proper setting and quietness, and the land was currently

used by convalescent patients and hospital employees).

It is true that seasonal property that is not in use on the assessment date can nonetheless qualify for tax exemption. *See Camp Emoh Assoc. v. Town of Lyman*, 132 Me. 67, 69, 166 A. 59, 60 (1933) (property used as summer camp in July and August). However, the burden in such a case is clearly on the party seeking exemption to demonstrate as a factual matter that as of the assessment date the anticipated use of the property in the assessment year justifies the exemption. *Id.* at 70, 166 A. at 61. The Foundation's use of this property in the tax year was very limited both spatially and temporally.

In conclusion, nothing in the evidence brought the Foundation's "case unmistakably within the spirit and intent of the act creating the exemption." *Hurricane Island Outward Bound v. Town of Vinalhaven*, 372 A.2d at 1046. The Foundation's case did not compel the county commissioners to find as a fact that the Cushing real estate was used solely for the institution's scientific purposes. On judicial review the Foundation fails to establish any reversible error in the commissioners' denial of the requested tax abatement.

The entry is:

Judgment affirmed.

All concurring.