**EAGLE RENTAL, INC.**

v.

**CITY OF WATERVILLE and
Cynthia C. Michaud.**

Supreme Judicial Court of Maine.

Submitted on briefs Sept. 10, 1993.

Decided Oct. 15, 1993.

Brad C. Grant, James M. LaLiberty, Butler, Whittier & LaLiberty, P.A., Waterville, for plaintiff.

A.V. Federle, Jr., Waterville, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

RUDMAN, Justice.

Eagle Rental, Inc. appeals from a judgment entered in the Superior Court (Kennebec County, *Alexander, J.*), affirming a decision of the City of Waterville's Board of Assessment Review, rejecting Eagle Rental's contention that its equipment inventory, available for both sale and rental, was exempt from the personal property tax under 36 M.R.S.A. § 655(1)(B) (1990). We conclude that the Board erred in its interpretation of section 655(1)(B), and, therefore, we vacate the judgment of the Superior Court.

Eagle Rental is a Maine corporation engaged in the rental, sale, and service of small light-industry equipment. Eagle Rental's president testified at the Board's hearing that all of its equipment is available for both sale and rental, and that usually forty percent of Eagle Rental's income was derived from the sales of its equipment, while sixty

percent of its income came from rentals. For the tax year 1990, Cynthia Michaud, the tax assessor for Waterville, issued a supplemental tax assessment of $8,681.59 against Eagle Rental's personal property. The amount of the tax was later reduced to $3,306.05, after Eagle Rental submitted a property list to the assessor. Eagle Rental's primary assertion that its equipment was entirely exempt from taxation under 36 M.R.S.A. § 655(1)(B) as "[s]tock in trade, including inventory held for resale by a distributor, wholesaler, retail merchant or service establishment ...," was rejected by the tax assessor.

Eagle Rental then appealed to the Board of Assessment Review, *see* 36 M.R.S.A. § 843(1), seeking a total tax abatement, or, in the alternative, a partial abatement based on a lower valuation of its personal property. The Board rejected both of Eagle Rental's claims. The minutes of the Board hearing reflect that "[t]he Board did not feel the equipment is held for resale" and "[t]he Board felt that the inventory must be held solely for resale in order to qualify for the exemption." Eagle Rental unsuccessfully appealed to the Superior Court pursuant to M.R.Civ.P. 80B, and this timely appeal followed.

Because the Superior Court acted in an appellate capacity, we directly review the Board's decision "for an abuse of discretion, error of law, or findings unsupported by substantial evidence in the record." *Town of Vienna v. Kokernak,* 612 A.2d 870, 872 (Me. 1992). It is a "well established law of property taxation [that] [t]axation is the rule; exemption from taxation is the exception." *Advanced Med. Research Found. v. Cushing,* 555 A.2d 1040, 1041 (Me.1989). However, "the rule of strict construction of exemption statutes does not require that the narrowest possible meaning must be given to words descriptive of exemption." *Alpha Rho Zeta v. Inhabitants of City of Waterville,* 477 A.2d 1131, 1136 (Me.1984).

The issue before us concerns the interpretation of 36 M.R.S.A. § 655(1)(B):

The following personal property is exempt from taxation: ...

B. Stock in trade, including inventory held for resale by a distributor, wholesaler, retail merchant or service establishment....

■ Eagle Rental contends that the Board erred by construing section 655(1)(B) to mean that inventory must be held *solely* for resale in order to be exempt. We agree. Section 655(1)(B) does not contain the word "solely," or any other limiting language. It is a fundamental rule of statutory interpretation that words in a statute must be given their plain and ordinary meanings, *see Mahaney v. State,* 610 A.2d 738, 741 (Me.1992), and, without an express inclusion of a limiting adverb such as "solely," we refuse to imply such a restriction. Moreover, the presence in other exemption provisions of such limiting language illustrates that, when the Legislature so intends, it is quite able to restrict the availability of certain tax exemptions. *See, e.g.,* 36 M.R.S.A. § 655(1)(M) (1990) (exempting "[a]ll farm machinery used *exclusively* in production of hay and field crops ...") (emphasis added); 36 M.R.S.A. § 651(1)(E) (exempting "pipes, fixtures, hydrants ... used *only* for reservoir purposes ...") (emphasis added); 36 M.R.S.A. § 652(1)(A) (Supp.1992) (exempting "real estate and personal property owned and occupied or used *solely* for their own purposes by benevolent and charitable institutions ...") (emphasis added); 36 M.R.S.A. § 1483(4) (1990) (exempting "[v]ehicles owned by bona fide dealers or manufacturers of the vehicles, which vehicles are held *solely* for demonstration and sale and constitute stock in trade ...") (emphasis added).

■ It is also a well established principle of statutory construction that a statute must be interpreted in light of the real purpose of the legislation. *State v. Niles,* 585 A.2d 181, 182 (Me.1990). Indeed, our holding today is consistent with the purpose for the enactment of section 655(1)(B), namely, to encourage businesses to move to, or remain in, Maine, by eliminating the taxation of business inventory. *See* 3 Legis.Rec. 4395–96 (1973) (statement of Rep. Martin). In light of this purpose, it seems unlikely that the Legislature intended to encourage only those businesses that hold inventory exclu-

sively for resale, and not those that hold inventory for both resale and rental use to operate in Maine. *See Tyler Equipment Corp. v. Town of Wallingford*, 212 Conn. 167, 561 A.2d 936, 940–41 (1989) ("machines that are 'in stock' and available for sale or lease have all the characteristics of merchandise in a warehouse that unquestionably would qualify for the exemption").

Finally, we reject Eagle Rental's further contention that its property out on lease is also exempt under section 655(1)(B). Equipment in the possession of a lessee under a valid lease agreement at the time of the tax assessment "is not available for sale to any customer but the lessee, whose consent is necessary for termination of the lease." *Id.* at 939 (citing *Olson Equipment Co. v. Minneapolis*, 285 Minn. 146, 171 N.W.2d 717 (1969)).

> [The owner's] power to sell the leased equipment to others is limited … by the fact that the lessee is entitled to retain the equipment as long as he pays the rent or otherwise meets the terms of the lease. To include equipment which is not salable to the general public in the category of exemptible inventory would, we think, obfuscate the most reasonable meaning of the term.

*Tyler Equipment Corp.*, 561 A.2d at 939 (quoting *Olson Equipment Co.*, 285 Minn. at 148. *See Hennepin v. Honeywell, Inc.*, 297 Minn. 112, 116, 210 N.W.2d 38, 40 (1973) ("the goods are not *held* for sale or lease when the right to possession is lost") (emphasis in original). Thus, only the portion of Eagle Rental's inventory in its possession, and held for sale on the assessment date, is exempt from the personal property tax under 36 M.R.S.A. § 655(1)(B).

The entry is:

Judgment of the Superior Court vacated. Remanded for further proceedings consistent with the opinion herein.

ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ., concurring.

WATHEN, Chief Justice, dissenting.

I must respectfully dissent. It is evident that the Legislature did not contemplate the equipment rental business when it enacted 36 M.R.S.A. § 655(1)(B) in 1973. The exemption applies to stock in trade and specifically includes inventory held for resale. Black's Law Dictionary defines "stock in trade" as "[t]he inventory carried by a retail business for sale in the ordinary course of business. Also, the tools and equipment owned and used by a tradesman." Black's Law Dictionary 1271 (5th ed. 1979). Although the equipment in question could be considered as inventory held for resale and thus exempt from taxation, it is principally inventory that is held for lease and, as such, is subject to taxation. The statute makes no provision for allocating between a taxable and an exempt use of the same inventory. Because we are required to strictly construe exemptions from taxation, *see Advanced Med. Research Found. v. Cushing*, 555 A.2d 1040, 1041 (Me. 1989). I would affirm the decision of the Board of Assessment Review.