1998 ME 98

**CITY OF LEWISTON**

v.

**The SALVATION ARMY.**

Supreme Judicial Court of Maine.

Argued April 9, 1998.

Decided May 4, 1998.

Robert S. Hark (orally), Lewiston, for plaintiff.

Andrew B. Choate (orally), Lewiston, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, LIPEZ, and SAUFLEY, JJ.

RUDMAN, Justice.

[¶ 1] The City of Lewiston appeals from the judgment entered in the Superior Court (Androscoggin County, *Perkins, A.R.J.*) affirming a decision of the State Board of Property Tax Review. The City asserts that the Board erred by concluding that The Salvation Army's activities at its Lewiston thrift store qualified the property for tax exemption. We disagree and affirm the judgment.

[¶ 2] The Salvation Army applied to the City of Lewiston for an abatement of property taxes contending that its property was exempt from such taxes pursuant to the provisions of 36 M.R.S.A. § 652 (1990 & Supp. 1997).[1] The City subsequently denied the

---

1. 36 M.R.S.A. § 652(1)(A) states in pertinent part:

   **1. Property of institutions and organizations.**
   **A.** The real estate and personal property owned and occupied or used solely for their own purposes by benevolent and charitable institutions incorporated by this State, and

none of these may be deprived of the right of exemption by reason of the source from which its funds are derived or by reason of limitation in the classes of persons for whose benefit such funds are applied.

. . . .

abatement request and The Salvation Army appealed the City's decision to the State Board of Property Tax Review. Following a hearing, the Board determined that the real property occupied by The Salvation Army's thrift store qualified for a property tax exemption. The City appealed to the Superior Court, which affirmed the decision of the State Board of Property Tax Appeal. This appeal followed.

[¶ 3] The Salvation Army is a charitable organization that operates adult rehabilitation centers in a number of states, including Maine. The rehabilitation centers are funded, in part, by the proceeds generated from the sale of donated items at thrift stores operated by The Salvation Army. One such thrift store, the subject of this appeal, is located on Main Street in Lewiston. The Salvation Army acquired the Lewiston property in 1989. All revenues from the Lewiston thrift store benefit The Salvation Army's rehabilitation center in Portland.

[¶ 4] The Board found "that the Lewiston thrift store owned by the Salvation Army is occupied and used solely for its own charitable purposes. Specifically the use of the subject property involves the Salvation Army's clients with processing and transporting of its donated clothing as a part of its overall rehabilitation program. In addition, all goods are priced at a level consistent with the needs of the low income community which the Salvation Army is committed to assisting." The Board specifically noted that "[t]he stores and the rehabilitation center are interdependent and it is probable that neither would survive without the other." The record before the Board supports the Board's conclusions. Those items sold at the Lewiston thrift store are exclusively donated items and are sold at below-market prices. The items sold at the Lewiston thrift store are typically processed by participants in The Salvation Army's rehabilitation program in Portland; these program participants sort, price, clean, repair, and transport the donated items for sale. The Salvation Army's processing of goods for sale at its Lewiston thrift store constitutes a component of its rehabilitation regimen it terms "work therapy"—a major part of its effort to prepare participants of their rehabilitation program to become productive members of society. No officer or employee of the thrift store derives a percentage of the store's revenues (about $50,000 per month). Employees at the thrift stores earn approximately $200 to $250 per week.

[¶ 5] When "the Superior Court acts in its appellate capacity, we review directly the decision of the Board for abuse of its discretion, error of law or findings unsupported by substantial evidence in the record." *IBM Credit Corp. v. City of Bath*, 665 A.2d 663, 664 (Me.1995) (citations omitted). The factual findings of the Board stand "unless the findings are clearly erroneous because they are not supported by competent evidence in the record." *Town of Poland v. Poland Spring Health Inst.*, 649 A.2d 1098, 1100 (Me.1994).

[¶ 6] The City argues that The Salvation Army's use of its property does not entitle it to a property tax exemption. It contends that The Salvation Army does not use the property occupied by the thrift store solely for its charitable purposes as required for tax exemption, but rather uses the property to generate revenue. The City relies heavily on our decision in *City of Lewiston v. Marcotte Congregate Hous., Inc.*, 673 A.2d 209 (Me.1996) to support its argument that the ultimate use of the profits from the thrift store in Lewiston for charitable purposes in Portland does not qualify the thrift store property for tax exemption. The City misreads *Marcotte*. Section 652(1)(A) exempts from taxation real property that is "owned and occupied or used *solely* for their own purposes by benevolent and charitable institutions ..." 36 M.R.S.A. § 652(1)(A) (emphasis added). As we said in *Marcotte*, the plain language of section 652(1)(A) precludes exempting the *Marcotte* building from taxation because a portion of the building, though owned by *Marcotte*, was not occupied or used by *Marcotte* "solely" for *Marcotte's* charitable purposes.

[¶ 7] The Board found that the property occupied by the Lewiston thrift store was owned by The Salvation Army and occupied and used solely for its own purposes, a factual finding that is supported by the record and

therefore not clearly erroneous. The Salvation Army has thus satisfied the prerequisites to tax exemption—ownership combined with occupation or use by the charity for its own charitable purposes.

The entry is:

Judgment affirmed.

