1999 ME 20

**HANDYMAN EQUIPMENT RENTAL CO., INC., et al.**

v.

**CITY OF PORTLAND.**

Supreme Judicial Court of Maine.

Argued Dec. 1, 1998.

Decided Feb. 1, 1999.

James M. LaLiberty (orally), Butler, Whittier, LaLiberty, P.A., Waterville, for plaintiff.

Charles Lane, Associate Corporation Counsel, Portland, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER and CALKINS, JJ.

CALKINS, J.

[¶ 1] Handyman Equipment Rental Co., Inc., and Kennebec Equipment Rental Co., Inc., appeal from the summary judgment of the Superior Court (Cumberland County, *Brennan, J.*) entered in favor of the City of Portland in a declaratory judgment action. Handyman and Kennebec contend that the requirement of 36 M.R.S.A. § 706 (1990) to answer "all proper inquiries" by the tax assessor does not apply to tax-exempt property and that section 706 does not bar their declaratory judgment action. We agree and vacate the judgment.

[¶ 2] Handyman and Kennebec each operate a rental business in Maine that engages in the rental, sale, and service of small light-industry equipment. Handyman and Kennebec filed declarations, pursuant to section 706, for each relevant tax year. The declarations purported to list all inventory items that were not in their possession and not held for sale on April 1 of each year, along with the values of the items. Handyman and Kennebec take the position that the decision in *Eagle Rental, Inc. v. City of Waterville,* 632 A.2d 130 (Me.1993), means that they are not liable for taxes for inventory that was actually in their possession and for sale on April 1 of each tax year. In *Eagle Rental* we interpreted the tax exemption in 36 M.R.S.A. § 655(1)(B) (1990) [1] for "inventory held for resale" to·include inventory that was held both for resale and for rental. *See Eagle Rental,* 632 A.2d at 132. Handyman and Kennebec acknowledge that they are liable for taxation on property that was out on rental and not in their possession on April 1.

[¶ 3] Portland asked both Handyman and Kennebec to respond to three pages of written questions regarding their inventories, policies and other financial information. Handyman never responded to the inquiries, and Kennebec responded in part and asserted that it was not required to answer inquiries about exempt property. Portland assessed personal property taxes against Handyman for 1996 and against Kennebec for 1994, 1995, and 1996, on inventory items the companies had available for rent or for sale during those years.

[¶ 4] On July 8, 1996, Portland filed personal property tax liens against Handyman for 1996 in the amount of $6,323.81, and against Kennebec for 1995 and 1996 in the amount ·of $3,691.36 and $4,014.45, respectively. Handyman and Kennebec filed this declaratory·judgment action asking the court to declare that the inventory items in their possession on April 1 of each tax year were exempt and that they were not required to provide the information Portland requested. They also requested a declaration that the tax liens were invalid.

[¶ 5] The parties filed cross-motions for summary judgment, and the court granted a summary judgment in favor of Portland on the grounds that Handyman and Kennebec failed to comply with section 706 and that the failure to comply barred their declaratory judgment action.

[¶ 6] We review the entry of a summary judgment "for errors of law, viewing the evidence in the light most favorable to the party against whom the judgment was entered." *Landry v. Leonard,* 1998 ME 241, ¶ 4, 720 A.2d 907, 908 (quotations omitted). We will uphold a summary judgment "if the evidence demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (quotations omitted).

---

1. Section 655 of Title 36 provides, in pertinent part:

    **§ 655. Personal property**

    The following personal property is exempt from taxation:

    **1. Personal property**

    . . . .

    **B.** Stock-in-trade, including inventory held for resale by a distributor, wholesaler, retail merchant or service establishment. . . .

    36 M.R.S.A. § 655 (1990).

### I.

■ [¶ 7] This case concerns the interpretation of the fourth paragraph of section 706[2] and, specifically, the meaning of the phrase "liable to be taxed." The first three paragraphs are not an issue because Handyman and Kennebec complied with them. They complied with them by filing their declarations, which contained lists of their nonexempt property, that is, lists of property not for resale because the property was under a rental contract on April 1. "Stock-in-trade, including inventory held for resale by a distributor, wholesaler, retail merchant or service establishment" is exempt from taxation. 36 M.R.S.A. § 655(1)(B). Where equipment inventory is in the taxpayer's possession and is available for both sale and rental on the assessment date, it is tax-exempt. *See Eagle Rental,* 632 A.2d at 131. Handyman and Kennebec were not required to list that portion of their inventories that was for sale and in their possession on April 1 of the relevant tax years. Thus, they satisfied the requirements of the first three paragraphs of section 706. *See Town of Embden v. Madison Water Dist.,* 1998 ME 154, ¶ 5, 713 A.2d 328, 330 (noting that taxpayers are relieved of the necessity of filing a list before seeking an abatement if the subject property is exempt).

[¶ 8] The interpretation of the fourth paragraph of section 706 is disputed. It states: "The assessor … may require the person furnishing the list to make oath to its truth … and … answer all proper inquiries as to the nature, situation and value of his property *liable to be taxed* in the State." (Emphasis added.) If such inquiries are not answered, an "appeal" is barred. Portland submitted inquiries to Handyman and Kennebec, but Handyman and Kennebec claim that they do not have to answer any inquiries about their exempt property. They argue that the phrase "liable to be taxed" is the equivalent of "nonexempt." Portland, on the other hand, argues that taxpayers are required to answer inquiries about both exempt and nonexempt property. In other words, Portland would have us exclude entirely the phrase "liable to be taxed" and interpret the statute as if it read: "The assessor … may require the person furnishing the list … to answer in writing all proper inquiries as to the nature, situation and value of his property *in the State* …."

■ [¶ 9] It is an axiom of statutory interpretation that words must be given meaning and are not to be treated as meaningless and superfluous. "[I]t is well established that '[n]othing in a statute may be

2. Section 706 of Title 36 provides:

**§ 706. Taxpayers to list property, notice, penalty, verification**

Before making an assessment, the assessor or assessors, the chief assessor of a primary assessing area or the State Tax Assessor in the case of the unorganized territory may give seasonable notice in writing to all persons liable to taxation in the municipality, primary assessing area or the unorganized territory to furnish to the assessor or assessors, chief assessor or State Tax Assessor true and perfect lists of all their estates, not by law exempt from taxation, of which they were possessed on the first day of April of the same year.

The notice to owners may be by mail directed to the last known address of the taxpayer or by any other method that provides reasonable notice to the taxpayer.

If notice is given by mail and the taxpayer does not furnish the list, he is barred of his right to make application to the assessor or assessors, chief assessor or State Tax Assessor or any appeal therefrom for any abatement of his taxes, unless he furnishes the list with his application and satisfies them that he was unable to furnish it at the time appointed.

The assessor or assessors, chief assessor or State Tax Assessor may require the person furnishing the list to make oath to its truth, which oath any of them may administer, and may require him to answer in writing all proper inquiries as to the nature, situation and value of his property liable to be taxed in the State; and a refusal or neglect to answer such inquiries and subscribe the same bars an appeal, but such list and answers shall not be conclusive upon the assessor or assessors, chief assessor or the State Tax Assessor.

If the assessor or assessors, chief assessor or the State Tax Assessor fail to give notice by mail, the taxpayer is not barred of his right to make application for abatement provided that upon demand the taxpayer shall answer in writing all proper inquiries as to the nature, situation and value of his property liable to be taxed in the State; and a refusal or neglect to answer the inquiries and subscribe the same bars an appeal, but the list and answers shall not be conclusive upon the assessor or assessors, chief assessor or the State Tax Assessor.

36 M.R.S.A. § 706 (1990).

treated as surplusage if a reasonable construction supplying meaning and force is otherwise possible.'" *Struck v. Hackett,* 668 A.2d 411, 417 (Me.1995) (quoting *Labbe v. Nissen Corp.,* 404 A.2d 564, 567 (Me.1979)). The phrase "liable to taxation" must be given its meaning. This is particularly true here because the Legislature added that phrase specifically when it amended the predecessor to section 706 in 1881. *See* P.L. 1881, ch. 73, § 2 ("all proper inquiries in writing as to the nature, situation and value of his property liable to be taxed in this state") (amending R.S. ch. 6, § 67 (1871) ("all proper inquiries in writing, as to the nature and situation of his property")).

[¶ 10] "[P]roperty liable to taxation" means property that is not exempt. Exempt property is not liable to taxation, while nonexempt property is liable to taxation. The word "liable" has a dictionary definition of "[b]ound or obliged in law or equity; responsible; answerable; as, the surety is *liable* for the debt of his principal." WEBSTER'S NEW INTERNATIONAL DICTIONARY 1423 (2d ed.1959); *see also* BLACK'S LAW DICTIONARY 915 (6th ed.1990). When the phrase "property liable to be taxed" is viewed with the statute as a whole, the logical ·conclusion is that the phrase refers to nonexempt property. Because a taxpayer is required in the first instance to furnish a "true and perfect list" of only his property "not by law exempt from taxation," 36 M.R.S.A. § 706, it follows that the inquiries that the assessor is authorized to make should concern only the nonexempt property.

[¶ 11] As a matter of tax policy, it may be useful and appropriate for assessors to have the authority to make written inquiries about both exempt and nonexempt property possessed by a taxpayer. That, however, is a policy that the Legislature would have to enact, and it has not done so in section 706.

## II.

[¶ 12] Portland argues that Handyman and Kennebec are barred from filing the declaratory judgment action because they did not comply with section 706. As we stated above, Handyman and Kennebec are not required to answer inquiries about their exempt property. They are, however, required to answer inquiries about their nonexempt property. Handyman failed to answer any of the inquiries submitted by Portland. Kennebec responded, but it is not clear from this record whether it responded fully with regard to the nonexempt property.

[¶ 13] Portland contends that 36 M.R.S.A. §§ 706 and 841 (1990 & Supp.1998) prohibit a declaratory judgment action to declare that certain property is exempt from taxation or to challenge the authority of the assessor to make section 706 inquiries. If Portland is correct, Handyman, at least, would be barred from pursuing this declaratory judgment because it did not respond to the inquiries at all, and Kennebec would be barred if it was determined that it did not respond fully to inquiries regarding its nonexempt property.

[¶ 14] Sections 706 and 841 of Title 36 set forth the penalty for failure to comply with the disclosure requirements of section 706. *See* 36 M.R.S.A. §§ 706, 841(1). Section 841 provides that the assessors, "may make such reasonable abatement as they consider proper to correct any illegality, error or irregularity in assessment, *provided that the taxpayer has complied with section 706." Id.* § 841(1) (emphasis added). Similarly, the fourth paragraph of section 706 provides that, "a refusal or neglect to answer such inquiries and subscribe the same bars an appeal, ..." . *Id.* § 706 (emphasis added).

[¶ 15] Although the fourth paragraph does ·not explicitly state that the "appeal" is an abatement application and appeal from a denial of an abatement, that is the most logical interpretation because the third paragraph refers to an· appeal from an abatement. We do not agree with Portland's contention that the meaning of "appeal" in section 706 includes a declaratory judgment action filed in court.

[¶ 16] The interpretation requested by Portland is contrary to a number of cases in which we have held that a declaratory judgment is a proper vehicle in this situation. *See Camps Newfound/Owatonna Corp. v. Harrison,* 1998 ME 20· ¶¶ 4–7, 705 A.2d 1109, 1111–1112 (stating that the declaratory judg-

ment authority may be invoked in tax exemption cases); *Maine Cent. R.R. Co. v. Town of Dexter*, 588 A.2d 289, 293 (Me.1991) (holding that declaratory judgment action was appropriate to seek declaration that property was exempt from taxation and listing similar declaratory judgment actions). We hold that Handyman and Kennebec may pursue a declaratory judgment action even if they have not fully answered the inquiries of Portland's assessor about their nonexempt property. As a practical matter, the pursuit of a declaratory judgment by a taxpayer gives the municipality the opportunity to have inquiries answered pursuant to the discovery rules.

■ [¶ 17] Handyman and Kennebec argue that they are entitled to a summary judgment because the facts are not in dispute. We note that the Superior Court entered an order extending the discovery deadline in the case to ninety days after a decision was entered on the summary judgment motions. The summary judgment motion primarily dealt with whether a declaratory judgment action was barred because of the failure or refusal of Handyman and Kennebec to answer the assessor's inquiries. Although we agree with Handyman and Kennebec that section 706 requires that they answer inquiries about only their nonexempt property and that they are not barred from bringing the declaratory judgment action, we cannot grant a judgment in favor of Handyman and Kennebec. The Superior Court has not yet resolved any remaining dispute regarding the identification of the nonexempt property or determined whether the valuations and assessments asserted by the parties on the nonexempt property are undisputed.

The entry is

Judgment vacated. The matter is remanded to the Superior Court for further proceedings consistent with this opinion.

RUDMAN, J., with whom WATHEN, C.J., and CLIFFORD, J., join, dissenting.

[¶ 18] I respectfully dissent. The first paragraph of section 706 authorizes an assessor to request taxpayers to furnish "true and perfect lists" of their property that is not tax-exempt. *See* 36 M.R.S.A. § 706. The fourth paragraph of section 706 provides that, after requesting "true and perfect lists," the assessor may further require a taxpayer to "answer in writing all proper inquiries as to the nature, situation[,] and value of [the taxpayer's] property liable to be taxed in the State . . . ." 36 M.R.S.A. § 706. I deem it significant that the Legislature first authorized an assessor to request taxpayers to provide lists of their property "not by law exempt from taxation" and later required taxpayers to answer "all proper inquiries as to the nature, situation[,] and value of . . . property liable to be taxed." 36 M.R.S.A. § 706. Merely claiming that property is tax-exempt does not necessarily make it so. An assessor is justified in requesting certain information necessary to assist the assessor in independently verifying the exempt status of such property. Therefore, an assessor may properly request information about the "nature, situation[,] and value" of property that a taxpayer claims to be tax-exempt, for the purpose of independently determining whether such property is "liable to be taxed." 36 M.R.S.A. § 706.

[¶ 19] By virtue of the provisions of section 655, "[s]tock-in-trade, including inventory held for resale by a distributor, wholesaler, retail merchant[,] or service establishment" is exempt from taxation. 36 M.R.S.A. § 655 (1990 & Supp.1998). Where equipment inventory is available for both sale and rental, only the portion in the taxpayer's possession and held for sale on the assessment date is tax-exempt, pursuant to section 655(1)(B). *See* 36 M.R.S.A. § 655(1)(B); *Eagle Rental, Inc. v. City of Waterville*, 632 A.2d 130, 131 (Me. 1993). To determine whether items of mixed sale and rental inventory are "liable to be taxed," an assessor is justified in requesting information about items a taxpayer claims to be tax-exempt under section 655(1)(B) of Title 36. 36 M.R.S.A. § 706. Hence, where inventory consists of both sale and rental items, an assessor's request for information about property that a tax-

payer claims is tax-exempt is a "proper inquiry," within the meaning of section 706. *See* 36 M.R.S.A. § 706. Therefore, the court did not erroneously conclude that the companies failed to comply with the disclosure requirements of section 706.

[¶ 20] Sections 706 and 841 of Title 36 set forth the penalty for failure to comply with the disclosure requirements of section 706. *See* 36 M.R.S.A. §§ 706, 841(1) (1990 & Supp. 1998). Section 841 provides that:

> The assessors ... may make such reasonable abatement as they consider proper to correct any illegality, error[,] or irregularity in assessment, *provided that the taxpayer has complied with section 706.*

36 M.R.S.A. § 841(1) (emphasis added). Similarly, the third paragraph of section 706 provides that:

> If notice is given by mail and the taxpayer does not furnish the list, he is barred of his right to make application to the assessor ... *or any appeal therefrom* for any abatement of his taxes, unless he furnishes the list with his application and satisfies them that he was unable to furnish it at the time appointed.

36 M.R.S.A. § 706 (emphasis added). Therefore, the failure to comply with section 706 bars the companies' declaratory judgment action in which they seek an abatement of the taxes that the assessor imposed upon them.

[¶ 21] I would affirm the judgment.