STATE OF MAINE
ANDROSCOGGIN, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-19-008

Ahmed Abukar,                           )
                                        )
            *Petitioner*,               )
                                        )
v.                                      )       **Decision on Appeal**
                                        )       (M.R. Civ. P. 80C)
Maine State Bureau of Identification,   )
Sex Offender Registry,                  )
                                        )
            *Respondent*.               )

MAR 24 '20 AM9:20
ANDRO SUPERIOR COURT

On June 13, 2019, Petitioner entered a negotiated plea to the charge of Unlawful Sexual Contact (17-A M.R.S. § 255-A(1)(P), Class B) and was found not criminally responsible by reason of insanity. As a result he was committed to the custody of the Commissioner of Health and Human Services. He was also notified of his responsibility to register as a Tier III (lifetime) registrant under the Sex Offender Registration and Notification Act of 2013 [SORNA 2013], 34-A M.R.S. §§ 11271-11304. When Respondent notified him of his responsibility to register and sent the registration packet, Petitioner filed the complaint pursuant to M.R. Civ. P. 80C now pending before this court.

SORNA 2013 applies to a "person who commits criminal conduct and is sentenced in this State on or after January 1, 2013 . . . as an adult for that criminal conduct and that criminal conduct is a Tier I offense, Tier II offense or Tier III offense." 34-A M.R.S. § 11272(1). A "'Tier III offense' means a conviction for a Class B or Class A crime under" chapter 11 of Title 17-A, which includes § 255-A. 34-A M.R.S. § 11273(16). The statute further defines a "Tier III registrant" to mean "a person who is an adult convicted and sentenced . . . for a Tier III offense." 34-A M.R.S. § 11273(19). A Tier III registrant "shall register for the duration of the registrant's

1

life". 34-A M.R.S. § 11282(7). The question, therefore, is whether Petitioner is "an adult convicted and sentenced" for the Tier III offense and thus required to register.

SORNA 2013 defines "sentence" to include "an involuntary commitment under Title 15, section 103 . . . following a verdict of not criminally responsible by reason of insanity." 34-A M.R.S. § 11273(13). It does not define "convict" or "verdict". Certainly in common understanding "convicted" would mean that the defendant had been declared guilty, whether by plea or after trial in front of a judge or jury. In that sense, one found not criminally responsible has not been convicted. Nonetheless, the rules of statutory construction lead this court to conclude that SORNA does, indeed apply to Petitioner.

The Law Court has recently summarized the rules of statutory construction as follows:

> In interpreting a statute, our single goal is to give effect to the Legislature's intent in enacting the statute. *Berube v. Rust Eng'g*, 668 A.2d 875, 877 (Me. 1995). Among the many sources we may consult to determine that legislative intent, we first determine if the language of the statute . . . is plain and unambiguous. *Butterfield*, 2004 ME 124, ¶ 4, 860 A.2d 861.

> A plain language interpretation should not be confused with a literal interpretation, however. *See Doe v. Reg'l Sch. Unit 26*, 2014 ME 11, ¶ 15, 86 A.3d 600 ("A court can even ignore the literal meaning of phrases if that meaning thwarts the clear legislative objective." (quotation marks omitted)); *Town of Embden v. Madison Water Dist.*, 1998 ME 154, ¶ 7, 713 A.2d 328 (stating that "[r]easoning and judgment, not the mere bald literalness of statutory phrasing, must guide and control" (quotation marks omitted)); *Me. Beer & Wine Wholesalers Ass'n v. State*, 619 A.2d 94, 97 (Me. 1993) ("If necessary, we may ignore the literal meaning of phrases in favor of an interpretation consistent with the legislative intent."); *see also Bob Jones Univ. v. United States*, 461 U.S. 574, 586, 103 S. Ct. 2017, 76 L. Ed. 2d 157 (1983) ("It is a well-established canon of statutory construction that a court should go beyond the literal language of a statute if reliance on that language would defeat the plain purpose of the statute . . . ."); *United States v. Falvey*, 676 F.2d 871, 875 (1st Cir. 1982) ("[C]ourts are not bound to read a statute literally . . . ."). Rather, courts are guided by a host of principles intended to assist in determining the meaning and intent of a provision even within the confines of a plain language analysis. *See, e.g., State v. Papazoni*, 159 Vt. 578, 622 A.2d 501, 503 n.1 (Vt. 1993) ("[L]ike all other rules of statutory construction, [the plain language rule] is no more than an aid in our efforts to determine legislative intent.").

2

> Among these is the principle that we must interpret the plain language by taking into account the subject matter and purposes of the statute, and the consequences of a particular interpretation. *Merrill v. Me. Pub. Emps. Ret. Sys.,* 2014 ME 100, ¶ 15, 98 A.3d 211. In determining a statute's "practical operation and potential consequences," we may reject any construction that is "inimical to the public interest" or creates absurd, illogical, unreasonable, inconsistent, or anomalous results if an alternative interpretation avoids such results. *Doe,* 2014 ME 11, ¶ 15, 86 A.3d 600 (quotation marks omitted).

*Dickau v. Vt. Mut. Ins. Co.,* 2014 ME 158, ¶¶19-21. Of particular importance here, there is no reason to include "an involuntary commitment under Title 15, section 103. . . following a verdict of not criminally responsible by reason of insanity" within the definition of "sentence" unless it was the legislative intent to have SORNA 2013 apply to that class of persons. 34-A M.R.S. § 11273(13). To find otherwise would render this language in the statute surplusage and meaningless, which cannot be the case. This is very much a situation where the plain language interpretation may not be a literal interpretation, and reasoning and judgment controls. Indeed, the word "verdict" typically means a decision by a jury, yet it makes little sense to suggest that the legislature intended to include people found not criminally responsible by reason of insanity only by a jury and not by a judge, by plea or otherwise.

In short, "taking into account the subject matter and purposes of the statute, and the consequences of a particular interpretation" and rejecting a construction that creates an illogical and inconsistent result, *Dickau,* 2014 ME 158, ¶21, the court finds that SORNA 2013 applies to Petitioner.

The action taken by Respondent is affirmed. This Decision may be incorporated on the docket of the case by reference pursuant to Me. R. Civ. P. 79(a).

Dated: March 20, 2020

Valerie Stanfill
Justice, Maine Superior Court

3