438 So.2d 139 (1983)
HEFTLER CONSTRUCTION COMPANY, Appellant,
v.
FLORIDA DEPARTMENT OF REVENUE, Appellee.
No. 82-838.
District Court of Appeal of Florida, Third District.
September 20, 1983.
*140 Williams, Salomon, Kanner, Damian, Weissler & Brooks and Lewis M. Kanner, Miami, for appellant.
Jim Smith, Atty. Gen., and Barbara Staros Harmon, Asst. Atty. Gen., for appellee.
Before BARKDULL, DANIEL S. PEARSON and JORGENSON, JJ.
JORGENSON, Judge.
As a partner under a January 1, 1971, partnership liquidation plan Heftler Construction Company's subsidiary, Heftler Realty Company, received a partnership asset in kind in the form of real estate. On November 2, 1971, the Florida Income Tax Code [the Code] went into effect. In 1975 Heftler Construction Company conveyed the asset received under the 1971 partnership liquidation plan. In computing its Florida income tax for its fiscal year ending July 31, 1976, Heftler subtracted from its reported income the amount received upon conveyance of the asset. Heftler contends that the amount was realized as income at the liquidation of the partnership prior to the effective date of the Code, rather than at conveyance, and was therefore not subject to the Florida tax. Additionally, in reporting income for its fiscal years ending July 31, 1976, July 31, 1977, and July 31, 1978, Heftler carried over and subtracted a net operating loss resulting from a subtraction of foreign source income on its July 31, 1975, return. The Department of Revenue assessed income tax deficiencies for all the above subtractions. Following a hearing before a Division of Administration Hearing Officer, the Department of Revenue upheld the assessments. Heftler appealed to this court. We affirm.

I

Realization of Income
Section 220.02(4)(a), Florida Statutes (1975), provides that income "shall be deemed to be created for Florida income tax purposes at such time as said income is realized for federal income tax purposes." The Supreme Court of Florida has adopted the definition of income contained in Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521 (1920):
"Income may be defined as the gain derived from capital, from labor, or from both combined," provided it be understood to include profit gained through a sale or conversion of capital assets... . [It is] not a gain accruing to capital, not a growth or increment of value in the investment; but a gain, a profit, something of exchangeable value proceeding from the property, severed from the capital however invested or employed, and coming *141 in, being "derived," that is received or drawn by the recipient (the txpayer) for his separate use, benefit and disposal; that is income derived from property. Nothing else answers the description.
Department of Revenue v. Leadership Housing, Inc., 343 So.2d 611, 614 (Fla.), cert. denied mem., 434 U.S. 805, 98 S.Ct. 35, 54 L.Ed.2d 63 (1977) (quoting Macomber, 252 U.S. at 207, 40 S.Ct. at 193, 64 L.Ed. at 529). Realization occurs when the taxpayer receives actual economic gain from the disposition of the property: this is the taxable event. S.R.G. Corp. v. Department of Revenue, 365 So.2d 687 (Fla. 1978).
Section 220.02(3), Florida Statutes (1975), provides that concepts of law which have been developed in connection with federal income tax laws shall be used to the greatest extent possible in imposing the Florida income tax. For purposes of federal income tax a partnership does not own property separate and apart from the ownership of its partners; the partners own at all times the partnership assets as well as the business and are never separated therefrom. Crawford v. Commissioner, 39 B.T.A. 521 (1939). Partnerships, therefore, are not taxed as separate entities; the partners are individually liable for any federal income tax owed as a result of partnership activity. I.R.C. § 701 (1975). It follows, then, that when partnership assets are distributed in kind under a partnership liquidation plan no gain or loss is realized by the partners. Cora-Texas Manufacturing Co. v. United States, 222 F. Supp. 527 (E.D.La. 1963), aff'd, 341 F.2d 578 (5th Cir.1966); Crawford, 39 B.T.A. at 525; I.R.C. § 731 (1975). The partner receiving an asset in kind realizes no gain or loss on the asset until he sells or otherwise disposes of it. Cora-Texas Manufacturing Co., 222 F. Supp. at 530; Treas. Reg. § 1.731-1 (1975).
Applying these fundamental principles to the present facts, Heftler did not realize any gain or loss when it received as its share of the partnership liquidation plan the asset and did not realize any gain or loss until the asset was conveyed in 1975, subsequent to the effective date of the Code. The conveyance of the asset was, therefore, a taxable event for the purpose of the Florida income tax.

II

Loss Carryovers
Section 220.13(1)(b)2.b., Florida Statutes (1975), provides that income derived from sales outside the United States or from sources outside the United States on interest, royalties or compensation for services shall be subtracted from taxable income. Section 220.13(1)(b)1.c., Florida Statutes (1975), provides that net operating losses shall be deemed net operating loss carryovers "and treated in the same manner, to the same extent, and for the same time periods as are prescribed for such carryovers in" section 172 of the Internal Revenue Code (1975). The Code does not expressly provide for the carryover of net operating "losses" resulting from the subtraction of foreign source income. The Code only provides for net operating loss carryovers to the extent they are provided for in section 172 of the Internal Revenue Code.
For federal income tax purposes "net operating loss" is defined as the excess of deductions allowed by the Internal Revenue Code over gross income. I.R.C. § 172(c). Deductions allowed by the Internal Revenue Code do not include the deduction of foreign source income. It follows, therefore, that allowing for the carryover of net operating losses to the extent provided for in section 172 of the Internal Revenue Code would preclude for Florida tax purposes the carryover of a net operating "loss" resulting from the subtraction of foreign source income.
Heftler argues that such a carryover is not expressly prohibited by statute. This argument is without effect. "[T]he rule is that exemption provisions will not be enlarged by construction, nor can they rest upon implication. Taxation is the rule; exemption is the exception which must be created by clear and definite terms." Orange State Oil Co. v. Amos, 100 Fla. 884, *142 130 So. 707, 709 (1930). An examination of the statutes in light of this rule demonstrates that the Florida Legislature expressly provided, during the years in question, for the subtraction of foreign source income. Our legislature did not choose to provide for the carryover of net operating "losses" resulting from such subtraction. The "loss" resulting from Heftler's subtraction of foreign source income on its 1975 return, therefore, could not be carried over to successive years.
The order assessing the tax deficiencies is accordingly affirmed.