Mr. Wayne G. Weeks Clay County Property Appraiser Post Office Box 38 Green Cove Springs, Florida 32043-0038
Dear Mr. Weeks:
You ask substantially the following question:
Is real property owned by a private business upon which it operates a school offering commercial truck driving courses under a valid license from the State Board of Independent Postsecondary Vocational, Technical, Trade and Business Schools entitled to an exemption from ad valorem taxation pursuant to s. 196.198, F.S.?
In sum:
Real property owned by a private organization upon which it operates a school is exempt from taxation pursuant to s. 196.198, F.S., only if the property is used solely for educational purposes with regular classes and courses of studies being conducted which are required for eligibility to certification by, accreditation to, or membership in the State Department of Education of Florida, the Southern Association of Colleges and Schools or the Florida Council of Independent Schools.
In general, tax exemptions are in the nature of special privileges or immunities granted by the sovereign only when and to the extent they may be deemed to conserve the general welfare.[1] The law is clear that provisions for tax exemptions are "strictly construed and carefully scrutinized."[2] Exemptions, therefore, must be created by clear and definite terms and not rest on implications or be enlarged by construction.[3]
Section 3(a), Art. VII, Fla. Const., provides in part:
Such portions of property as are used predominately for educational, literary, scientific, religious or charitable purposes may be exempted by general law from taxation."[4] (e.s.)
Section 196.001, F.S., requires that all real and personal property in this state be taxed "[u]nless expressly exempted from taxation . . . ."
Pursuant to s. 196.198, F.S., "[e]ducational institutions within this state and their property used by them or by any other exempt entity or educational institution exclusively for educational purposes shall be exempt from taxation." "Exclusive use of property" is defined as the use of property solely for exempt purposes,[5] while the term "use" means the exercise of any right or power over real or personal property incident to the ownership of the property.[6]
You have not informed this office as to whether the property is being used for any nonexempt purpose. In light of the above, however, such a factual determination must be made in order to determine the applicability of the exemption provided in s.196.198, F.S.
Section 196.012(5), F.S. (1992 Supp.), defines "[e]ducational institution" to mean
a federal, state, parochial, church, or private school, college, or university conducting regular classes and courses of study required for eligibility to certification by, accreditation to, or membership in the State Department of Education of Florida, Southern Association of Colleges and Schools, or the Florida Council of Independent Schools; educational direct-support organizations created pursuant to ss. 229.8021, 240.299, and 240.331;[7]and facilities located on the property of eligible entities which will be owned by those entities on a date certain. (e.s.)
As relevant to the instant inquiry, the above definition thus requires three things:
1) the applicant for the tax exemption is a federal, state, parochial, church, or private school, college, or university,
2) regular classes and courses of study are conducted, and
3) such classes and courses of study are required for eligibility to certification by, accreditation to, or membership in the State Department of Education of Florida (SDEF), Southern Association of Colleges and Schools (SACS) or the Florida Council of Independent Schools (FCIS).
Since your inquiry concerns a private corporation and not a governmental or church affiliated entity or a college or university, it may only proceed as a "private school." The conduct of classes must be ongoing and regular. In addition, the definition of educational institution requires that the school's program of classes, courses, etc., meets the requirements for eligibility to certification by, accreditation to, or membership in SDEF, SACS or FCIS. Your letter points out that the applicant has not provided you with proof that it has, or has not, met these professional standards.
If the applicant had provided such an affirmative showing, the Department of Revenue's Rule 12D-7.015(1), F.A.C., states that actual membership, or a bona fide application for membership, in SACS or FCIS constitutes prima facie evidence that an applicant is an educational institution.[8] On the other hand, failure to meet this prima facie test is not automatic grounds for denial of an application. Rule 12D-7.015(2), F.A.C., provides that when such membership or application is not present, the property appraiser may take into consideration that information which these organizations review when weighing the grant of membership, certification or accreditation.[9]
Since the information provided indicates that the applicant has not made the prima facie showing of actual membership, or a bona fide application for membership, in SACS or FCIS, your office may take into account the relevant information as authorized in Rule12D-7.015(2), F.A.C., if provided by an applicant.[10]
Therefore, real property owned by a private organization upon which it operates a school would be exempt from taxation pursuant to s. 196.198, F.S., only if the property is used solely for educational purposes with regular classes and courses of studies being conducted which are required for eligibility to certification by, accreditation to, or membership in the Department of Education of Florida, the Southern Association of Colleges and Schools or the Florida Council of Independent Schools. This latter requirement may be evidenced by either actual membership or a bona fide application for membership in the above organizations or by the property appraiser's determination using the information utilized by these organizations when weighing the grant of membership, certification or accreditation. The determination of a specific application, however, involves mixed questions of law and fact beyond this office's authority and must be resolved by the property appraiser or value adjustment board.[11]
Sincerely, Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Lummus v. Florida Adirondack School, 168 So. 232 (Fla. 1934).
[2] Genesee Corporation v. Owens, 20 So.2d 654, 656 (Fla. 1945).
See also, AGO 88-60; Adams Construction Equipment v. Hausman,472 So.2d 467 (5 D.C.A. Fla., 1985); Jones v. Life Care of Baptist Hospital, Inc., 476 So.2d 726 (1 D.C.A. Fla., 1985).
[3] See, 51 Fla. Jur.2d Taxation s. 20:27, and Heftler Construction Company v. Department of Revenue, 438 So.2d 139 (3 D.C.A. Fla., 1983), rev. denied, 449 So.2d 264.
[4] Compare, s. 16, Art. XVI, Fla. Const. 1885, which provided that the property of all corporations shall be subject to taxation "unless such property be held and used exclusively for religious, scientific, municipal, educational, literary or charitable purposes." (e.s.)
[5] See, s. 196.012(2), F.S. (1992 Supp.).
[6] See, s. 196.012(4), F.S. (1992 Supp.).
[7] Sections 229.8021, 240.299, and 240.331, F.S., respectively refer to the Department of Education direct-support organization, a university direct-support organization, and a community college direct-support organization.
[8] Rule 12D-7.015(1), F.A.C., provides:
Actual membership in or a bona fide application for membership in the Southern Association of Colleges and Secondary Schools or the Florida Council of Independent Schools shall constitute prima facie evidence that the applicant is an educational institution, the property of which may qualify for exemption.
[9] Rule 12D-7.015(2), F.A.C., provides:
If the aforementioned application has not been made, the Property Appraiser in determining whether the requirements of Section196.198, F.S., have been satisfied may consider information such as that considered by the State Department of Education of Florida, the Southern Association of Colleges and Secondary Schools, or the Florida Council of Independent Schools in granting membership, certification or accreditation.
[10] See also, 51 Fla. Jur.2d Taxation s. 20:263-265.
[11] See, e.g., ss. 196.193 and 196.194, F.S.