769 So.2d 1060 (2000)
BERNARD EGAN & COMPANY and Subsidiaries, Appellant,
v.
STATE of Florida DEPARTMENT OF REVENUE, Appellee.
No. 4D99-0233.
District Court of Appeal of Florida, Fourth District.
August 16, 2000.
Rehearing Denied November 9, 2000.
Robert O. Rogers, Allison B. Rogers and Richard Paladino of Rogers, Bowers, Dempsey and Paladino, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, and Jeffrey M. Dikman, Assistant Attorney General, Tallahassee, for appellee.
STEVENSON, J.
Appellant, Bernard Egan & Company and Subsidiaries ("Egan"), is a citrus company *1061 incorporated in the State of Florida. Egan sells produce throughout the United States through wholly-owned domestic subsidiaries and sells produce in foreign countries through DNE Sales International, Inc., a foreign subsidiary incorporated in the Virgin Islands. Egan appeals a final order of the Florida Department of Revenue assessing a tax deficiency of $362,069.10 and disallowing the exclusion of dividend income from its foreign subsidiary, DNE, in calculating Egan's Florida corporate tax base. We affirm.
Corporate taxable income in Florida is derived by determining the corporation's adjusted federal income and making certain statutory adjustments. See §§ 220.12,.13, Fla. Stat. (1997). Pursuant to the Internal Revenue Code, a corporation calculates its federal taxable income by excluding dividends received by the parent company from its domestic subsidiaries but including dividends from its foreign subsidiaries. See 26 U.S.C.A. § 243 (1988 & West Supp.2000). Egan argues that the statutory provision in effect during the relevant taxing periods, section 220.13(1)(b)2.b., Florida Statutes (1991), violates the Foreign Commerce Clause[1] because the statute, by "piggybacking" on the federal tax code, treats domestic subsidiaries more favorably than foreign subsidiaries.[2]
The United States Supreme Court has stated that [T]he Foreign Commerce Clause recognizes that discriminatory treatment of foreign commerce may create problems, such as the potential for international retaliation, that concern the Nation as a whole.... [A] State's preference for domestic commerce over foreign commerce is inconsistent with the Commerce Clause....
Kraft Gen. Foods, Inc. v. Iowa Dep't of Revenue & Fin., 505 U.S. 71, 79, 112 S.Ct. 2365, 120 L.Ed.2d 59 (1992) (citation omitted). In this case, we agree with the Department of Revenue that no violation of the Foreign Commerce Clause has occurred since, under the Florida Income Tax Code and the consolidated reporting methods employed by Egan, all of its domestic income (including dividends) was, in one form or another, included in its corporate tax base and ultimately subject to Florida corporate taxjust as were the dividends received from its foreign subsidiary. Therefore, under the statute, the dividends from Egan's foreign subsidiary were not given less favorable treatment than the dividends received from its domestic subsidiaries.
Accordingly, we distinguish this case from Kraft General Foods, Inc. v. Iowa Department of Revenue & Finance, 505 U.S. 71, 112 S.Ct. 2365, 120 L.Ed.2d 59 (1992), where the United States Supreme Court held that Iowa's taxing scheme was discriminatory because, in using the federal definition of taxable income, Iowa treated dividends from foreign subsidiaries less favorably than dividends from domestic subsidiaries since foreign subsidiary dividends were included in the taxpayer's tax base, but domestic subsidiary dividends were not. Significantly, in Kraft, the court noted that Iowa could utilize the federal definition of taxable income as long as it made "adjustments that avoid the discriminatory treatment of foreign subsidiary dividends." Id. at 81, 112 S.Ct. 2365. Under Chapter 220, Florida Statutes (1991), Florida utilized the federal definition of taxable income and, in Egan's case, made those necessary adjustments to avoid discriminatory treatment of the foreign subsidiary dividends.
Since the statute is non-discriminatory as applied to the facts of this case, Egan has failed to meet its heavy burden of *1062 demonstrating that the statute is unconstitutional. See State v. Stalder, 630 So.2d 1072 (Fla.1994); Bunnell v. State, 453 So.2d 808 (Fla.1984). We, therefore, find the statute constitutional as applied to Egan and affirm the deficiency assessed.[3]
AFFIRMED.
GROSS, J., and BAILEY, JENNIFER D., Associate Judge, concur.
NOTES
[1] "The Congress shall have Power ... [t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes[.]" U.S. CONST. art. I, § 8, cl. 3.
[2] For tax years beginning on or after January 1, 1993, section 220.13(1)(b)2.b. was amended to allow a subtraction of both foreign and domestic dividends from adjusted federal income for Florida income tax purposes.
[3] We have considered, but reject appellant's equal protection argument.