Mr. Steven A. Schultz Miami-Dade County Value Adjustment Board Attorney Bank of America Tower 100 Southeast Second Street, Suite 2800 Miami, Florida 33131-2144
Dear Mr. Schultz:
As attorney for the Miami-Dade County Value Adjustment Board, you have asked for my opinion on substantially the following question:
Is it necessary for a taxpayer to file an application for an exemption with the property appraiser in order to vest the value adjustment board with jurisdiction to accept and consider a petition filed after the statutory deadline established under section 196.011(8), Florida Statutes?
In sum:
Section 196.011(8), Florida Statutes, does not authorize a value adjustment board to proceed to consider an original application for a homestead exemption in the absence of an application for an exemption filed with the property appraiser.
According to your letter, on October 16, 2001, a taxpayer attempted to file with the property appraiser a late application for a homestead exemption for the year 2001. The property appraiser refused to accept the filing of the application after the statutory deadline. As a result, the taxpayer sought to bypass the filing of the application with the property appraiser and went directly to the value adjustment board with a request that the value adjustment board act under the provisions of section196.011(8), Florida Statutes, and provide the taxpayer with a de novo review of his claim for the exemption. You have asked whether the value adjustment board may act in light of the property appraiser's refusal to accept the late filed application for an exemption.
The Dade County Value Adjustment Board is a quasi-judicial governmental body created pursuant to section 194.015, Florida Statutes. Among other things, the board hears appeals initiated by taxpayers contesting the denial of tax exemptions or the valuation of their properties for tax purposes by the Dade County Property Appraiser. The board, after a hearing, has the power and duty to grant tax exemptions, including homestead exemptions, for those properties it determines to be eligible for such exemptions, based on established legal principles and the evidence presented.
Chapter 196, Florida Statutes, provides certain exemptions from taxation and states that unless expressly exempted from taxation all real and personal property in Florida is subject to taxation.[1] Section 196.011(1)(a), Florida Statutes, requires an application or renewal application be submitted annually for all tax exemptions:
"Every person or organization who, on January 1, has the legal title to real or personal property, except inventory, which is entitled by law to exemption from taxation as a result of its ownership and use shall, on or before March 1 of each year, file an application for exemption with the county property appraiser, listing and describing the property for which exemption is claimed and certifying its ownership and use. . . . Failure to make application, when required, on or before March 1 of any year shall constitute a waiver of the exemption privilege for that year, except as provided in subsection (7) or subsection (8)."
Subsection (7) provides that the value adjustment board must grant any exemption for an otherwise eligible applicant if the applicant can prove that his or her failure to apply by the deadline of March 1 was the result of a postal error.
It is the general rule that exemptions from taxation must be created by clear and definite terms; they cannot rest on implication and they will not be enlarged by construction.[2]
Further, exemptions from taxation, whether stated in the Constitution or in the statutes, are to be construed against the claimant and in favor of the taxing power in cases of doubt in order to confine the exemptions within the limitations prescribed by the sovereign power.[3]
Section 196.011(8), Florida Statutes, on which this inquiry is based, provides:
"Any applicant who is qualified to receive any exemption under subsection (1) and who fails to file an application by March 1, may file an application for the exemption and may file, pursuant to s. 194.011(3), a petition with the value adjustment board requesting that the exemption be granted. Such petition may be filed at any time during the taxable year on or before the 25th day following the mailing of the notice by the property appraiser as provided in s. 194.011(1). Notwithstanding the provisions of s.194.013, such person must pay a nonrefundable fee of $15 upon filing the petition. Upon reviewing the petition, if the person is qualified to receive the exemption and demonstrates particular extenuating circumstances judged by the property appraiser or the value adjustment board to warrant granting the exemption, the property appraiser or the value adjustment board may grant the exemption." (e.s.)
The Attorney General's Office has previously determined that this statutory section is applicable to applications for homestead exemptions.[4]
The statute provides a specific procedure for anyone who is qualified to receive an exemption from taxation for real or personal property based on ownership but who fails to meet the March 1 filing deadline. However, to take advantage of this exception, the statutory directives must be met, that is, the time frame established by the statute must be satisfied and a fee of $15 must be paid. A legislative direction as to how something must be accomplished serves as a prohibition against it being done in any other way.[5]
Further, section 196.011(8), Florida Statutes, uses the word "and" in setting forth the procedures that must be satisfied.
"Any applicant who is qualified to receive any exemption under subsection (1) and who fails to file an application by March 1, may file an application for the exemption and may file, pursuant to s. 194.011(3), a petition with the value adjustment board requesting that the exemption be granted." (e.s.)
The word "and" is ordinarily used as a conjunction meaning "along with or together with."[6]
This office has previously determined that value adjustment boards may only consider applications for exemptions previously submitted to the property appraiser in a timely manner.[7] As Attorney General's Opinion 70-83 stated, the statutes "clearly express an intent that applications for exemption are to be reviewed by the board of tax adjustment (now the value adjustment board) . . . only when such review is initiated or invoked by dispute or appeal." Thus, value adjustment boards do not present the appropriate forum for consideration of original applications for tax exemptions.
Therefore, it is my opinion that section 196.011(8), Florida Statutes, does not authorize a value adjustment board to proceed to consider an original application for a homestead exemption in the absence of an application for exemption filed with the property appraiser.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tzg
[1] See, s. 196.011(1), Fla. Stat.
[2] Heftler Construction Company v. Florida Department ofRevenue, 438 So.2d 139 (Fla. 3d DCA 1983), rev. den.,449 So.2d 264 (Fla. 1984).
[3] See generally, 51 Fla.Jur.2d Taxation s. 20:27.
[4] See, Ops. Att'y Gen. Fla. 73-254 (1973) and 82-99 (1982).
[5] Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Dobbs v.Sea Isle Hotel, 56 So.2d 341 (Fla. 1952).
[6] See, AGO 96-57 (1996) (word "and" should be given its ordinary meaning as a conjunction); Webster's Third New International Dictionary "and" p. 80 (unabridged ed. 1981) (along with or together with); 3A C.J.S. "and" (denotes joinder, a union; while "and" sometimes construed as "or" to effectuate intent of Legislature, such construction is never resorted to except for strong reasons such as to effectuate manifest intent of the user and where not to do so would result in an absurdity or would be tantamount to a refusal to correct a mistake.)
[7] See, Op. Att'y Gen. Fla. 70-83 (1970). And see, 51 Fla.Jur.2d Taxation s. 20:68.