COPE, J.
 

 This is an appeal of a summary judgment in which the trial court ruled that paragraph 220.13(l)(b), Florida Statutes (2000), is constitutional. The trial court rejected the claim of World Fuel Services Corporation (“World Fuel”) that Florida’s subtraction of foreign dividends from World Fuel’s corporate income discriminated against foreign commerce.
 

 This controversy stems from an assessment by the Florida Department of Revenue of tax deficiencies against World Fuel for the tax years ending March 31, 2001, March 31, 2002, and December 31, 2002. After exhausting administrative remedies within the Department, World Fuel filed its complaint challenging the assessment. World Fuel alleged that Florida’s tax treatment of dividends paid by foreign corporations discriminates against foreign commerce.
 
 See Kraft Gen. Foods, Inc. v. Iowa Dept. of Revenue and Fin.,
 
 505 U.S. 71, 112 S.Ct. 2365, 120 L.Ed.2d 59 (1992). To make a long story short, Florida’s corporate income tax does not tax dividends paid to World Fuel by its foreign subsidiaries. We agree with the First and Fourth District Courts of Appeal that there is no unconstitutional discrimination against foreign commerce.
 
 See Colgate-Palmolive Co. v. Florida Dept. of Revenue,
 
 988 So.2d 1212 (Fla. 1st DCA 2008);
 
 Bernard Egan & Co. v. State Dept. of Revenue,
 
 769 So.2d 1060 (Fla. 4th DCA 2000);
 
 see also Heftler Constr. Co. v. Florida Dept. of Revenue,
 
 438 So.2d 139 (Fla. 3d DCA 1983).
 

 We also agree with the Department that World Fuel’s argument is in conflict with the United States Supreme Court’s decision in
 
 Kraft.
 
 There, the Court found that Iowa’s corporate income tax statute discriminated against foreign commerce. 505 U.S. at 81, 112 S.Ct. 2365. The Court contrasted Iowa’s statute with those of other states and said that Iowa “could enjoy substantially the same administrative benefits by utilizing the federal definition of taxable income, while making adjustments that avoid the discriminatory treatment of foreign subsidiary dividends. Many other States have adopted this approach.”
 
 Id.
 
 & n. 24, 112 S.Ct. 2365. In support of this reference to “many other States” who avoid discriminatory treatment, footnote 24 cited the appendix to Kraft’s petition for writ of certiorari. The relevant portion of the appendix is in the record of the present case. Under the heading “States that Exclude All Dividends,” the appendix lists fifteen states, and their corporate income tax statutes. This listing includes Florida and cites section 220.13, Florida Statutes (1991), which is the provision of Florida’s corporate income tax at issue here. We conclude that the Florida statute is consistent with
 
 Kraft.
 

 Affirmed.