1997 ME 67

**STATE of Maine**

v.

**Terry L. ROSS.**

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 14, 1997.

Decided April 4, 1997.

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty., Portland, for State.

Terry L. Ross, Wiscasset, for defendant.

---

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

[¶ 1] Defendant, Terry Ross, appeals from a judgment entered in the Superior Court (Cumberland County, *Calkins J.*) on a jury verdict finding him guilty of taking shellfish from a closed area in violation of 12 M.R.S.A. § 6621 (1994).[1] Defendant argues that the court violated his First Amendment right to peaceably assemble, that he was subjected to an unreasonable search and seizure, and that his conviction violated the *ex post facto* clause of the United States Constitution. Because defendant failed to provide a transcript of the trial, we are unable to review the merits of his arguments, and we affirm the judgment. The appeal must be denied. *State v. Thwing,* 487 A.2d 260, 262 (Me.1985).

[¶ 2] The record does reveal a sentencing infirmity that compels a modification of the judgment and sentence. Defendant was fined $300 pursuant to section 6621(4). In addition, his offense was classified as a Class D crime and he was accordingly assessed a $10 victim's compensation fund fee pursuant to 5 M.R.S.A. § 3360-I (Supp.1996).[2] The marine resources statute provides that the violation of any of its provisions "shall be a Class D crime, *unless another penalty has been expressly provided.*" 12 M.R.S.A. § 6204 (1994)· (emphasis added).

In the case of taking shellfish from a closed area in violation of section 6621, the penalty is expressly provided:

4. **Penalty.** Notwithstanding the provisions of Title 17–A, section 4–B,[3] a person who violates this section commits a crime punishable by:

A. For the first offense, a fine of not less than $300 and not more than $1,500;

B. For subsequent offenses, a fine of not less than $500 and not more than $1,500.

12 M.R.S.A. § 6621(4) (1994). When it appears so plainly "on the face of the appeal record," as to "foreclose rational disagreement," that defendant's sentence was contrary to statutory authority, we will take note of the infirmity on direct review. *State v. Parker,* 372 A.2d 570, 572 (Me.1977). Accordingly, we modify the judgment by striking the reference to the offense as a Class D crime and the imposition of a victim compensation assessment.

The entry is:

Judgment modified in accordance with the opinion herein, and as so modified, affirmed.

---

1. It shall be unlawful to fish for or take shellfish from any area closed by regulation or to possess, ship, transport or sell shellfish so taken.

   12 M.R.S.A. § 6621(1).

2. As part of the sentence or fine imposed, the court shall impose an assessment of . . .

   $10 on any person convicted of a Class D crime or a Class E crime.

5 M.R.S.A. § 3360–I.

3. Section 4–B provides in part:

   A law or ordinance which is stated to be a criminal violation or which otherwise uses language indicating that it is a crime, but does not provide an imprisonment penalty is a civil violation . . . unless the law or ordinance is an exception to the operation of this subsection. 17–A M.R.S.A. § 4–B(3) (Supp.1996).