JUSTICE NELSON
delivered the Opinion of the Court.
I. INTRODUCTION
¶1 John E. Murphy (Murphy) appeals the judgment entered by the Eighth Judicial District Court, Cascade County, denying his motion to dismiss the charge of failing to keep his registration as a violent offender current.
¶2 We address the following issue on appeal:
¶3 Did the District Court err in denying Murphy’s motion to dismiss, as ex post facto, the charge of failing to keep his registration as a violent offender current?
¶4 Our decision in State v. Mount, 2003 MT 275, 317 Mont. 481, 78 P.3d 829, controls the disposition of this issue and we, therefore, affirm.
II. FACTUAL AND PROCEDURAL BACKGROUND
¶5 The history of the Sexual and Violent Offender Registration Act (the Act) is set forth in Mount. ¶¶ 5-8.
¶6 On August 28,1995, Murphy was convicted in California of assault with force, and was sentenced to two years in prison and three years parole.
¶7 In April 1998, Murphy transferred his probationary supervision from California to Montana, at which time he also signed an acknowledgment of his duty to register as a violent offender. Murphy registered as a violent offender and subsequently updated his address information on August 20, 1999.
¶8 On June 15, 2001, Murphy was charged with failing to keep his registration as a violent offender current, under § 46-23-507, MCA. Specifically, § 46-23-507, MCA, states: “[a] sexual or violent offender who knowingly fails to register, verify registration, or keep registration current... may be sentenced to a term of imprisonment, of not more than 5 years or may be fined not more than $10,000, or both.”
¶9 On July 10, 2001, Murphy moved for dismissal of the charge of failing to keep his registration as a violent offender current. The District Court denied his motion on September 19, 2001.
¶10 Murphy now appeals the District Court’s judgment.
III. STANDARD OF REVIEW
¶11 In criminal cases, we review a District Court’s grant or denial of a motion to dismiss de novo as a question of law. State v. Beanblossom, 2002 MT 351, ¶ 9, 313 Mont. 394, ¶ 9, 61 P.3d 165, ¶ 9.
*502 IV. DISCUSSION
¶12 Did the District Court err in denying Murphy’s motion to dismiss, as ex post facto, the charge of failing to keep his registration as a violent offender current?
¶13 Both parties argue the application of the intents-effects test. This test was articulated and applied in Smith v. Doe (2003), 58 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164, and was adopted by this Court in Mount, ¶¶ 37-90. Save one, Murphy makes much the same arguments that we addressed in Mount and, based on the same rationale stated in Mount, we reject those arguments here.
¶14 The one argument raised by Murphy that was not raised in Mount is that violent offenders should he treated differently than sex offenders because the pathology and recidivism rate for sex offenders is different than those of violent offenders. We note, however, that this argument was first raised by Murphy in his reply brief. In this regard, the law is well-settled. Arguments and issues first raised in a reply brief are not properly before this Court and will not be considered on appeal. Smith v. State, 2000 MT 327, ¶ 29, 303 Mont. 47, ¶ 29, 15 P.3d 395, ¶ 29, cert denied, 533 U.S. 917, 121 S.Ct. 2524, 150 L.Ed.2d 696; State v. Longneck (1991) 247 Mont. 95, 98, 804 P.2d 1044, 1045 (citations omitted); Rule 23(c), M.R.App.P. Therefore, we decline to address this argument.
V. CONCLUSION
¶15 The District Court’s denial of Murphy’s motion to dismiss the charge of failing to keep his registration as a violent offender current is affirmed.
¶16 Affirmed.
CHIEF JUSTICE GRAY, JUSTICES REGNIER, COTTER and RICE concur.