No. 04-678

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 259N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

GENE DREIDLEIN,

        Defendant  and Appellant.

APPEAL FROM:    District Court of the Fourteenth Judicial District,
                      In and For the County of Meagher, Cause No. DC 03-09
                      Honorable Randal I. Spaulding, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Carl White, Attorney at Law, Havre, Montana

        For Respondent:

                Hon. Mike McGrath, Attorney General; Ilka Becker,
                Assistant Attorney General, Helena, Montana

                Linda Hickman, Meagher County Attorney, White Sulphur
                Springs, Montana

                              Submitted on Briefs:  September 13, 2005

                                    Decided:  October 19, 2005

Filed:

                                  Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Gene Dreidlein appeals from the judgment and sentence entered by the Fourteenth Judicial District Court, Meagher County. We affirm.

¶3 The State of Montana charged Dreidlein with numerous fish and game offenses and the parties subsequently executed a plea agreement. With respect to one felony charge, the plea agreement provided that the parties would enter into a six-year deferred prosecution agreement, under which the State would argue for a condition that Dreidlein serve a one-year jail term, with all but 90 days suspended, and Dreidlein would have the right to argue for a lesser jail term and a "staggered schedule" to serve it. The parties also executed a deferred prosecution agreement, which incorporated the plea agreement by reference. At sentencing, the District Court asked Dreidlein "[d]o you think the 90 days that's suggested here is appropriate?" and Dreidlein responded "[y]es, Your Honor." The court approved and adopted the deferred prosecution agreement. With respect to the felony charge, the court sentenced Dreidlein to a six-year deferred sentence with the condition that he would serve one year in jail, with all but 90 days suspended; the 90 days could be served on weekends.

2

¶4 On appeal, Dreidlein asserts the jail sentence violates § 46-16-130, MCA, which sets forth procedures for deferred prosecution. Addressing the situation at issue here, a deferred prosecution agreement made after a charge is filed, Dreidlein states that "the parties may agree and the court may approve of a condition requiring incarceration." He contends, however, that he did not agree to such a condition. His contention is incorrect, because the deferred prosecution agreement, which he signed, incorporated the plea agreement by reference and the plea agreement, which he also signed, provided for a jail term to be determined by the District Court based on the parties' arguments. Moreover, as noted above, Dreidlein expressly acquiesced to the State's 90-day sentencing recommendation at the sentencing hearing. When a party acquiesces to an error, that party loses the right of objecting to it. *See State v. Gray*, 2004 MT 347, ¶ 20, 324 Mont. 334, ¶ 20, 102 P.3d 1255, ¶ 20 (citation omitted).

¶5 In his reply brief, Dreidlein argues the District Court improperly imposed the 90-day jail term related to the felony fish and game offense because the court also sentenced him to a 45-day jail term--apparently referring to his sentence for a misdemeanor assault charge, which was filed under a different cause number. We do not address this argument, as it appears for the first time in the reply brief. *See* Rule 23(c), M.R.App.P.; *State v. Murphy*, 2003 MT 276, ¶ 14, 317 Mont. 500, ¶ 14, 78 P.3d 843, ¶ 14 (citations omitted).

¶6 Affirmed.

/S/ KARLA M. GRAY

3

We concur:

/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE


Justice James C. Nelson specially concurs.

¶7      I concur in the result here for the reasons stated.  That said, I have serious concerns about the propriety of imposing incarceration as part of a deferred prosecution agreement in view of the plain language of § 46-16-130, MCA, which provides that the agreement is entered into prior to the filing of a charge and which specifies the sorts of conditions that can be imposed during the deferral period--incarceration not being one of those.

                                        /S/ JAMES C. NELSON


Justice Jim Rice joins in the special concurrence of Justice James C. Nelson.

                                        /S/ JIM RICE