2007 ME 137

**STATE of Maine**

v.

**Leonard S. DIECIDUE.**

Supreme Judicial Court of Maine.

Argued: April 9, 2007.

Decided: Sept. 25, 2007.

R. Christopher Almy, District Attorney, C. Daniel Wood, Asst. Dist. Attorney (orally), Bangor; G. Steven Rowe, Attorney General, Laura Yustak Smith, Asst. Atty. Gen., Augusta, for State.

Carolyn Adams (orally), Law Office of Carolyn Adams, Bangor; Mandi Odier–Fink, Law Office of Mandi Odier–Fink, P.A., Bangor, for defendant.

Panel: SAUFLEY, C.J., and ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

CALKINS, J.

[¶ 1] Leonard S. Diecidue appeals from a judgment of conviction upon two complaints of failure to register or update information as a sex offender (Class D), 34–A M.R.S.A. § 11227(1) (Supp.2004),[1] entered in the Superior Court (Penobscot County, *Hjelm, J.*) following a jury-waived trial. Diecidue contends that (1) the court erred in concluding that he was required to register as a sex offender; and (2) the present sex offender registration requirements and restrictions constitute an enhanced criminal penalty imposed upon him

---

1. When Diecidue was charged with two counts of failing to register or update information, title 34–A M.R.S.A. § 11227(1) (Supp. 2004) provided:

 **1. Failure to register or update information.** A registrant who fails to register or update the information required under this chapter commits a Class D crime.

The statute currently in effect, 34–A M.R.S. § 11227(1) (2006), reads:

 **1. Failure to comply; first offense.** A person to whom this chapter applies pursuant to section 11202 who in fact fails to comply with any duty imposed under this chapter or a rule adopted pursuant to this chapter commits a Class D crime.

in violation of the Ex Post Facto Clauses of the United States and Maine Constitutions. We vacate the judgment because the court's finding that Diecidue failed to register was clearly erroneous.

## I. BACKGROUND

[¶ 2] The facts, in the light most favorable to the State, *see State v. Nugent*, 2007 ME 44, ¶ 10, 917 A.2d 127, 130, are the following. Diecidue is a convicted sex offender. He pleaded guilty to and was convicted of two counts of gross sexual assault (Class A), 17–A M.R.S.A. § 253 (Supp.1990), on March 2, 1998. The charges arose from separate sexual acts with a child under fourteen years of age that occurred in 1991. Diecidue received consecutive sentences on the two charges totaling eight years and nine months imprisonment with all but eighteen months suspended and six years of probation.

[¶ 3] Although the sentencing court did not check a sex offender registration box on the judgment and commitment form, Diecidue signed a form entitled "registration by convicted sex offender" and signed a notice of his duty to register as a sex offender pursuant to 34–A M.R.S.A. § 11121(1), (2) (Supp.1998); P.L. 1995, ch. 680, § 13 (effective July 4, 1996).

[¶ 4] Diecidue was released from jail in September 1999 and began his period of probation. At that time he was advised by his probation officer that he was required to register. He registered as a "sexually violent predator" in February 2002 by signing an "initial registration information" form.

[¶ 5] Diecidue completed his term of probation and state supervision in the spring of 2005. In January 2005, while he lived in Brewer at the same address where he had resided in February 2002 when he registered as a "sexually violent predator," the State Bureau of Identification sent him a verification form, which he signed. The completed form was returned in February 2005 to the Bureau by the Brewer Police Department. Another verification form was sent to Diecidue in April 2005. Diecidue wrote to the Bureau and said that the Brewer Police Department was unavailable to register sex offenders, and he apparently returned the form to the Bureau. The Bureau wrote back, saying it had received his form but that he had to take the form to the local police department to have his fingerprints added to it. Diecidue refused to do so, indicating in a letter to the Bureau that the sex offender registration law did not apply to him.

[¶ 6] On or about July 15, 2005, Diecidue moved to Milford and did not notify either the Bureau or local law enforcement agencies of his change of address. On August 17, 2005, he was interviewed by a detective from the sheriff's department about his sex offender registration.

[¶ 7] Two complaints were issued against Diecidue, charging him with "fail[ing] to register or update the information required by Title 34–A, M.R.S.A., Chapter 15." One complaint gives the location of the offense as Brewer, and the second complaint gives the location as Milford. Both complaints state that the offense occurred "on or about August 15, 2005," but the Brewer complaint was later amended to allege that the offense occurred on or about June 1, 2005.

[¶ 8] Diecidue pleaded not guilty, and his cases were transferred to the Superior Court for a jury trial. Diecidue subsequently waived a jury trial, the two matters were joined, and a bench trial was held. The State did not produce any witnesses but relied entirely on exhibits. The State and Diecidue stipulated to the admission of the exhibits, and Diecidue also stipulated that he was the Leonard Diecidue referred to in the exhibits. The State rested upon the presentation of the exhib-

its. Diecidue testified and admitted to his 1998 convictions for gross sexual assault. He stated that he had initially refused to register as a sex offender upon his release from jail but eventually did so when his probation officer said she would send him to jail if he did not register. He stated that he received additional communications from the Bureau. He said that he did not believe that the registration law applied to him. Diecidue was not cross-examined, and the State rested finally.

[¶ 9] The State argued that Diecidue had refused to register twice: once in Brewer in June 2005 and once in Milford in August 2005. The State also argued that Diecidue was required to register every ninety days. The court found: "The record establishes that, in fact, Mr. Diecidue has not registered. He has refused to do so." The court further found that the provisions of the Sex Offender Registration and Notification Act of 1999 (SORNA) apply to Diecidue. The court concluded that Diecidue was guilty of violating 34–A M.R.S. § 11227. The court sentenced Diecidue to concurrent nine-month sentences, and Diecidue brought this appeal.

## II. DISCUSSION

 [¶ 10] Diecidue disputes the trial court's ruling that he was required to register as a sex offender. We review a trial court's legal rulings de novo, and we review the interpretation of a statute de novo. *State v. Pierce*, 2006 ME 75, ¶ 21, 899 A.2d 801, 805; *State v. Trott*, 2004 ME 15, ¶ 7, 841 A.2d 789, 791. We review the trial court's factual findings for clear error. *State v. Greenleaf*, 2004 ME 149, ¶ 13, 863 A.2d 877, 880. Factual findings are clearly erroneous only when there is no competent evidence in the record to support them. *Id.*

 [¶ 11] The State charged Diecidue with committing the crime of failing "to register or update information" required in SORNA. 34–A M.R.S.A. § 11227(1). However, the State's only argument in its closing was that Diecidue had failed to register. The State did not argue that Diecidue had failed to update information. The court found that Diecidue had failed to register and based its verdict of guilty on that finding. Nonetheless, the undisputed facts at trial establish that he did register as a sexually violent predator in 2002. The court's finding that Diecidue did not register is clearly erroneous.

[¶ 12] We have not previously opined on the meaning of "register" as that term is used in SORNA, and we take the opportunity to do so. SORNA uses the term "register" precisely. It requires people who have been convicted of certain sex offenses to "register." *See, e.g.,* 34–A M.R.S. § 11222(2–A) (2006) (requiring persons sentenced on or after June 30, 1992, but before September 18, 1999, to register). The act of registration is a one-time event.

[¶ 13] In its closing, the State appears to have been using the term "register" in a very broad sense, as though SORNA requires a continuing duty to register. However, the statutory scheme does not support the State's usage of the term "register." People who are convicted of committing sex offenses and sexually violent offenses have a duty under SORNA, both as it read when Diecidue was charged and as it reads now, to "register" with the Bureau upon the occurrence of certain specified events, such as release from prison (or sentencing in certain situations) or a move to another state. *See* 34–A M.R.S.A. § 11222(1–A), (2)(A), (2)(C) (Supp.2004); 34–A M.R.S. § 11222(1–A), (2)(A), (2)(C) (2006); *see also* 34–A M.R.S. § 11222(2–A), (2–B) (2006).

[¶ 14] In contrast, the statute does not use the terms "register" or "reregister" when it imposes on a registrant a duty to

update change of address information or to provide new specimens of his fingerprints. Those sections of the statute instead provide that the Bureau must periodically "verify" the registration information; that local law enforcement agencies periodically take the registrant's fingerprints for forwarding to the Bureau with the registrant's "verification form"; and that a registrant "notify" the Bureau and local law enforcement of any change of address, place of employment, or school. 34–A M.R.S.A. § 11222(4), (5) (Supp.2004); 34–A M.R.S. § 11222(4), (5) (2006). The Legislature could have required registrants to "register" when verifying or updating their information, as it requires under section 11222(2)(C) when a registrant moves to another state, but it did not do so. We therefore presume that SORNA uses the terms "registration" and "register" with precision to mean something different from "verify" or "notify." *See Eagle Rental, Inc. v. City of Waterville,* 632 A.2d 130, 131 (Me.1993) (refusing to interpret a statute in a manner inconsistent with its plain and ordinary meaning, particularly when it is clear from the statutory scheme as a whole that the Legislature did not intend a contrary result). Furthermore, in more recent changes to SORNA, *see* P.L. 2005, ch. 423, § 23 (effective Sept. 17, 2005), the Legislature no longer employs the terms "register" and "update the information" in 34–A M.R.S. § 11227. The current statute makes it a crime to "fail[ ] to comply with any duty imposed under this chapter . . . ." *Id.*

[¶ 15] Because the undisputed evidence establishes that Diecidue had registered as required under SORNA in 2002, the court clearly erred in finding that Diecidue failed to register. Because the court's finding as to Diecidue's failure to register is clearly erroneous and because the finding was the basis for the conclusion that Diecidue is guilty of both the Milford and Brewer charges, we must vacate the convictions.

The entry is:

Judgment vacated.