2008 ME 64

**STATE of Maine**

v.

**Robert S. COSGRO.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 27, 2007.
Decided: April 3, 2008.

**1222**

Jeffrey Pickering, Esq., Houlton Law Center, P.A., Houlton, ME, for Robert Cosgro.

R. Christopher Almy, District Attorney, Brendan F. Trainor, Asst. Dist. Atty., Bangor, ME, for the State of Maine.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and GORMAN, JJ.

Majority: SAUFLEY, C.J., and CLIFFORD, LEVY, and GORMAN, JJ.

Dissent: ALEXANDER, and SILVER, JJ.

GORMAN, J.

[¶ 1]   Robert S. Cosgro appeals from a judgment of conviction for failure to comply with registration and verification requirements of the Sex Offender Registration and Notification Act of 1999 (SORNA) (Class D), 34–A M.R.S. § 11227(1) (2007), entered on his conditional guilty plea in the District Court (Millinocket, *Stitham, J.*).   Cosgro argues that the court erred in denying his motion to dismiss the criminal complaint on the grounds that SORNA constitutes ex post facto punishment.   We affirm the judgment.

■  [¶ 2]   Although we recently stated in *Doe v. District Attorney,* 2007 ME 139, ¶ 26, 932 A.2d 552, 560, that our decision in *State v. Haskell,* 2001 ME 154, 784 A.2d 4, "does not declare for all time that SORNA is immune from an ex post facto challenge," we cannot find based on the record before us that the court erred in denying Cosgro's motion to dismiss in this case. "[A] statute is presumed to be constitutional and the person challenging the constitutionality has the burden of establishing its infirmity." *Haskell,* 2001 ME 154, ¶ 3, 784 A.2d at 7 (quotation marks omitted).   As has long been recognized by this Court and the United States Supreme Court, one challenging a statute as imposing ex post facto punishment must demonstrate by "the clearest proof" that the statute is "so punitive in purpose or effect as to overcome the Legislature's civil intent." *Id.* ¶ 13, 784 A.2d at 10 (quotation marks omitted); *see also Smith v. Doe,* 538 U.S. 84, 92, 105, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003); *Hudson v. United*

*States,* 522 U.S. 93, 99–100, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997).

■■■ [¶ 3] In this case, it was Cosgro's burden to show, by the clearest proof, that the effect of SORNA is criminal, or that amendments to SORNA enacted since we decided *Haskell* have changed the effect of SORNA from civil to criminal.[1] *See Doe v. Dist. Attorney,* 2007 ME 139, ¶¶ 26–28, 932 A.2d at 560–61. The record preserved for appeal, however, is inadequate, consisting of a small handful of unsupported and undeveloped assertions in Cosgro's motion to dismiss. In addition, Cosgro has not provided on appeal a transcript, though it appears from the record that one could have been produced, or a statement in lieu of transcript pursuant to M.R.App. P. 5(b)(1), (d). As a result, it is impossible to assess the validity of Cosgro's appeal. *See generally State v. Ross,* 1997 ME 67, ¶ 1, 691 A.2d 1253, 1254 (denying appellant's appeal challenging, among other things, his conviction as constituting ex post facto punishment because appellant failed to provide a transcript of the trial, preventing us from reviewing the merits of his arguments); *State v. Addington,* 518 A.2d 449, 451 (Me.1986) (reiterating that an appellant has an affirmative duty to supply us with an adequate record). Cosgro simply has not demonstrated the punitive effect of SORNA, or parts of it, by the clearest proof.

[¶ 4] We distinguish this case from *Doe v. District Attorney* in which we vacated the court's dismissal of Doe's challenge to the validity of SORNA and remanded for further factual development. 2007 ME 139, ¶¶ 1, 37, 932 A.2d at 554, 563. The applicable standard of review, in which we were required to treat Doe's alleged material facts as true, was highly deferential to the appellant in that case, which we expressly and repeatedly cited in support of remand.[2] *See id.* ¶¶ 20, 28, 36–37, 932 A.2d at 558, 561, 563. That same deference is not applicable in this case. Furthermore, as opposed to the allegations in Doe's complaint in *Doe v. District Attorney,* Cosgro's motion to dismiss is devoid of sufficiently specific or supported legal or factual allegations that would justify remand for further development, particularly when we do not treat Cosgro's threadbare allegations as true.[3] *See id.* ¶¶ 6, 30, 35–36, 932 A.2d at 555, 561, 563;

1. We recently determined, despite amendments to the statute, that SORNA as currently enacted continues to have a civil purpose. *See Doe v. District Attorney,* 2007 ME 139, ¶ 27, 932 A.2d 552, 560.

2. *Doe v. District Attorney,* 2007 ME 139, 932 A.2d 552, came to us in a different posture from this case. In that case, Doe was a plaintiff in a civil suit, challenging, in effect, SORNA's application to him as an ex post facto law. *Id.* ¶ 5, 932 A.2d at 554–55. Doe's complaint had been dismissed by the trial court for failure to state a claim upon which relief may be granted pursuant to a M.R. Civ. P. 12(b)(6) motion filed by the defendants in the case. *Id.* ¶¶ 7–8, 932 A.2d at 555. Thus, on appeal, we were required to examine Doe's complaint in the light most favorable to him and to accept the material facts in the complaint as true. *Id.* ¶ 20, 932 A.2d at 558.

In contrast, we review the court's denial of Cosgro's motion to dismiss the criminal complaint de novo. *See State v. Haskell,* 2001 ME 154, ¶ 3, 784 A.2d 4, 7 ("We review a ruling on the validity of a statute, as a matter of law, *de novo.*"); *State of Montana v. Murphy,* 317 Mont. 500, 78 P.3d 843, 844 (2003) (stating, in a case reviewing the trial court's denial of a motion to dismiss, as ex post facto, charges relating to violation of a violent offender statute, that "[i]n criminal cases, we review a [court's] grant or denial of a motion to dismiss *de novo* as a question of law").

3. We do not consider arguments Cosgro makes in his brief, but not in his motion to dismiss, because there is no indication that they were raised before the trial court. *See Teel v. Colson,* 396 A.2d 529, 533–34 (Me. 1979).

*see also Haskell,* 2001 ME 154, ¶ 4, 784 A.2d at 7 (stating that "[o]ur role in reviewing the constitutionality of a statute must necessarily be limited by the facts in the case before us" (quotation marks omitted)).[4]

The entry is:

Judgment affirmed.

ALEXANDER, J., with whom SILVER, J. joins, dissenting.

[¶ 5] I respectfully dissent. In September of 2007, we published two opinions that signaled a dramatic change in how we will analyze claims of constitutional ex post facto violations in retroactive application of Maine's sex offender registration and notification laws. In *Doe v. District Attorney,* 2007 ME 139, 932 A.2d 552, we extensively discussed changes in utilization of the SORNA laws and the enhancements of their punitive mandates that have occurred since our opinion in *State v. Haskell,* 2001 ME 154, 784 A.2d 4. We indicated that these changes may have rendered the combination of mandates and sanctions under the laws a punitive measure that, when applied to crimes committed prior to enactment of the enhanced mandates and sanctions, may result in violation of the constitutional prohibition on enactment of ex post facto laws that retroactively enhance criminal punishments. *See Doe v. Dist. Attorney,* 2007 ME 139, ¶ 31, 932 A.2d at 561. To develop a better record regarding the changed practices in implementation of the SORNA and its enhanced mandates and sanctions, we vacated the trial court's dismissal of the constitutional challenge to SORNA and remanded for further fact-finding. *See id.* ¶¶ 36–37, 932 A.2d at 563.

[¶ 6] In *State v. Diecidue,* 2007 ME 137, 931 A.2d 1077, decided the same day, and with a charging document and facts very similar to the instant case, we vacated a conviction for failure to register pursuant to the SORNA. In *Diecidue,* we held that the close nature of the questions required that proof of the violation strictly conform to the violation pled, and that any ambiguities must be resolved in the defendant's favor, thus requiring that the conviction be vacated. *See id.* ¶¶ 14–15, 931 A.2d at 1080–81. Like Cosgro, Diecidue had once

---

4. This case is also factually and analytically distinguishable from our recent decision in *State v. Diecidue,* 2007 ME 137, 931 A.2d 1077. In *Diecidue,* the trial court had entered a judgment of conviction against Diecidue for failure to register as required by SORNA, 34–A M.R.S.A. § 11227(1) (Supp.2004). *Id.* ¶ 11, 931 A.2d at 1080. Despite Diecidue: contentions, we did not reach the issue of whether sex offender registration requirements and restrictions of SORNA constituted ex post facto punishment with respect to Diecidue. *See id.* ¶ 1, 931 A.2d at 1078–79. We instead vacated the court's judgment on the grounds that, even though Diecidue may have failed to *verify* his previously provided registration information, the court's determination that Diecidue had failed to *register* was clearly erroneous, given that "undisputed evidence establish[ed] that Diecidue had registered as required under SORNA in 2002." *See id.* ¶ 15, 931 A.2d at 1081. The holding in that case was based solely on principles of statutory interpretation, analyzing the relationship, and distinctions, between SORNA's precise use of the terms "register," "verify," and "notify." *See id.* ¶¶ 12–15, 931 A.2d at 1080–81.

Contrary to the dissent's suggestion in this case, the issues discussed in *Diecidue* are not present here. The evidence in this case shows that: (1) Cosgro did not successfully register because his initial registration was incomplete, nor did he return any of the verification forms sent to him; (2) he was properly charged in the indictment with a failure to register or update information required by SORNA; and (3) he pleaded conditionally guilty to the charge against him, which conditional guilty plea was allowed by the court. Accordingly, the facts, analysis, and holding of *Diecidue* are not pertinent to the matter now before us.

filed a registration form under the law, making his conviction for failure to register inappropriate. *Id.*

[¶ 7] All of the events in this case—the initial charge, the denial of the motion to dismiss, the conditional plea and its requisite certification that the record before the court is adequate for appellate review, the notice of appeal and briefing by both the State and the defense-occurred prior to our decisions in *Doe* and *Diecidue.* At the time, the only governing law was *State v. Haskell,* which did not consider the more recent and dramatic changes in law and practice relating to sex offender registration.

[¶ 8] In light of our opinion in *Doe* and the closeness of the facts in the instant case to those of *Diecidue,* the record certified, pursuant to M.R.Crim. P. 11(a)(2), as adequate to permit review of the claims based on the conditional plea, is no longer adequate. To assure that essentially similar cases with similar issues are not treated differently and unfairly, we should remand this case for development of a proper record, as we did in *Doe,* to permit the parties to brief the issues recognizing the analytical changes we have adopted for consideration of constitutional ex post facto challenges to sex offender registration requirements.

[¶ 9] Separately, there is a question as to whether this case is really one on all fours with *Diecidue.* That question needs to be further briefed by the State and defense before we decide this appeal. As with *Diecidue,* the limited record available here indicates that, in 2005, Cosgro filed the requisite SORNA registration document. The State's complaint with Cosgro, as was the complaint in *Diecidue,* is not really failure to file an original registration document but rather a failure to update the registration or pay the registration fees required by the law. However, as in *Diecidue,* the crime charged is a failure to register. If we are not going to permit a remand for development of a better record of the actual status and history of this charge, then it is difficult to see, as a matter of stare decisis, how we affirm here after vacating, on essentially the same facts, in *Diecidue.*

[¶ 10] Accordingly, I would vacate the conviction and remand for development of an adequate record and new briefing, properly addressing the issues raised in *Doe* and *Diecidue,* which were decided after appellate briefing was completed in this case.