2012 ME 73

**STATE of Maine**

v.

**Richard HERZOG.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 26, 2012.

Decided: June 5, 2012.

Jeffrey W. Davidson, Esq., Machias, for appellant Richard Herzog.

Carletta Bassano, District Attorney, and Jeffrey Baroody, Asst. Dist. Atty., Prosecutorial District VII, Machias, for appellee State of Maine.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

SAUFLEY, C.J.

[¶ 1]   Richard Herzog appeals from a judgment of conviction of domestic violence assault (Class D), 17–A M.R.S. § 207–A(1)(A) (2011), entered in the District Court (Machias, *Romei, J.*), and from his sentence, which included a two-year period of probation.  The court properly applied the law of self-defense and did not err in its factual findings.  Thus, we affirm the judgment of conviction. With regard to the sentence, the State concedes that the term of probation exceeded the statutory maximum.  *See* 17–A M.R.S. § 1202(1)

(2011).  Accordingly, we correct that portion of the sentence and affirm the sentence as corrected.

## I.  BACKGROUND

[¶ 2]   Viewed in the light most favorable to the State, the trial evidence supports the facts found by the trial court.  *See State v. Diecidue*, 2007 ME 137, ¶¶ 2, 10, 931 A.2d 1077.  On March 31, 2011, Richard Herzog's wife returned to the Herzogs' Jonesport property after visiting a family member in the hospital with her adult daughter.  Herzog was intoxicated and drinking in the barn.  Herzog's wife went out to the barn while dinner was cooking, and she and Herzog had an argument about his drinking.  Herzog's wife went back into the house but later returned to the barn to tell her family that dinner was ready.  She found that the door was locked.  Herzog opened the door but stood in her way.  She tried to get past him to go up the stairs to speak with her son and daughter, whom she believed to be upstairs.  Herzog hit her with enough force to give her a red mark and swelling under her eye and to cause her to fall backward.

[¶ 3]   The Herzogs' daughter called the police, and Herzog was charged by complaint with domestic violence assault (Class D), 17–A M.R.S. § 207–A(1)(A).  Herzog pleaded not guilty, and the court held a nonjury trial.

[¶ 4]   At trial, Herzog testified that his wife had pushed him and that he was defending himself.  Based on other testimony, the court found that Herzog's wife had used a reasonable amount of force to get past Herzog to get upstairs and that Herzog had used offensive force against her, not a reasonable amount of force to defend himself.  The court specifically found Herzog's wife's testimony to be more credible than his.

[¶ 5] The court found Herzog guilty and sentenced him to twenty days in jail, all suspended, and two years of probation with conditions, including the condition that he could not possess or use unlawful drugs or alcohol. The court ordered that he be evaluated by the probation department and complete whatever counseling was recommended. Herzog was also required to pay $10 to the Victims' Compensation Fund. Herzog appealed.

## II. DISCUSSION

### A. Self–Defense

[¶ 6] Herzog contends that the court erred in failing to first determine whether self-defense was in issue and then determine whether the State met its burden of disproving self-defense beyond a reasonable doubt.

[¶ 7] Because Herzog did not object to the court's analysis of his self-defense claim, or otherwise raise the issue with the trial court, we review this issue only for obvious error. *See* M.R.Crim. P. 52(b). The test for obvious error is set forth in *State v. Pabon:*

> For an error or defect to be obvious for purposes of Rule 52(b), there must be (1) an error, (2) that is plain, and (3) that affects substantial rights. If these conditions are met, we will exercise our discretion to notice an unpreserved error only if we also conclude that (4) the error seriously affects the fairness and integrity or public reputation of judicial proceedings.

2011 ME 100, ¶ 29, 28 A.3d 1147.

[¶ 8] When asserting a self-defense justification, a defendant bears the burden of production to generate the issue with sufficient evidence, though the State bears the burden of persuasion to disprove the defense. *State v. Ouellette,* 2012 ME 11, ¶¶ 8–9, 37 A.3d 921. By statute, a person is justified in using force to defend himself or herself from an aggressor in specified circumstances:

> A person is justified in using a reasonable degree of nondeadly force upon another person in order to defend the person ... from what the person reasonably believes to be the imminent use of unlawful, nondeadly force by such other person, and the person may use a degree of such force that the person reasonably believes to be necessary for such purpose. However, such force is not justifiable if:
>
> . . . .
>
> **B.** The person was the initial aggressor, unless after such aggression the person withdraws from the encounter and effectively communicates to such other person the intent to do so, but the other person notwithstanding continues the use or threat of unlawful, nondeadly force. . . .

17–A M.R.S. § 108(1) (2011).

[¶ 9] When a defendant presents evidence that may generate a self-defense justification, a trial court must first determine whether self-defense is in issue as a result of that evidence. *See* 17–A M.R.S. § 101(1) (2011); *Pabon,* 2011 ME 100, ¶ 33, 28 A.3d 1147. If the court concludes that the self-defense issue has been generated, the fact-finder must then determine whether the State has satisfied its burden of persuasion by disproving at least one element of self-defense and establishing each element of the charged crime beyond a reasonable doubt. *See Ouellette,* 2012 ME 11, ¶ 17, 37 A.3d 921.

[¶ 10] In the event of a jury trial, to ensure the jury's proper understanding of the law, a court must provide the jury, as fact-finder, with an appropriate instruction regarding the self-defense justification. *See id.* ¶¶ 13, 15, 17. The provision

of this instruction demonstrates that the court has determined that self-defense is in issue.

[¶ 11] When, as here, the court is acting as the fact-finder, no jury instructions are prepared or given. Appellate review is aided in these circumstances if the court first explicitly states that self-defense is in issue and then announces its findings regarding the self-defense justification and the elements of the crime. *See id.* We have never, however, required a trial court to formulaically recite the process for considering a self-defense claim, as long as the court's judgment demonstrates that it has properly applied the law and has held the State and the defendant to the proper burdens of production and persuasion.

[¶ 12] Here, by reaching the question of whether the State met its burden to disprove the self-defense justification beyond a reasonable doubt, the court necessarily demonstrated that it had determined the justification to be in issue. *See* 17–A M.R.S. § 101(1); *Pabon,* 2011 ME 100, ¶ 33, 28 A.3d 1147. The court then weighed the evidence to determine whether the State had met its burden of proof. Through its consideration of the evidence, the court found that Herzog's wife did not use unlawful, nondeadly force against Herzog and that Herzog was the aggressor. The court explicitly found that Herzog's wife provided more credible testimony, and the court credited her account of the events in finding that Herzog was not acting in self-defense and that he had committed the crime. Nothing in these findings suggests that the court misunderstood the parties' burdens.

[¶ 13] The court did not err in its application of the law, and competent evidence in the record supports the court's ultimate findings that the State disproved the self-defense justification and established the elements of domestic violence assault beyond a reasonable doubt. *See Ouellette,* 2012 ME 11, ¶ 17, 37 A.3d 921; *Diecidue,* 2007 ME 137, ¶ 10, 931 A.2d 1077; *see also* 17–A M.R.S. §§ 207(1)(A), 207–A(1)(A) (2011) (providing that a person is guilty of domestic violence assault if the person "intentionally, knowingly or recklessly causes bodily injury or offensive physical contact to another person" who is "a family or household member").

## B. Probation

[¶ 14] The State concedes that the court was not authorized to impose two years of probation as part of this sentence. The sentence did not include a requirement that Herzog complete a batterers' intervention program, which is a prerequisite to the imposition of a two-year term of probation for this Class D crime. *See* 17–A M.R.S. § 1202(1), (1–B) (2011). We therefore correct the sentence by adjusting the period of probation to one year, consistent with section 1202(1). *See State v. White,* 2001 ME 65, ¶ 3, 769 A.2d 827 (providing that a jurisdictional infirmity in a sentence may be raised on direct appeal and will be remedied if it appears plainly on the record). As modified, we affirm the sentence.

The entry is:

Judgment of conviction affirmed. Sentence modified to decrease the period of probation from two years to one year. Sentence affirmed as modified.